USDC SCAN INDEX SHEET

















LLS   4/19/99   14:09

3:99-CV-00788   EGL 1 INC V. PORSCHE CARS NORTH

*1*

*CMP.*

ORIGINAL



1   VERN SCHOOLEY, State Bar No. 40,301
    RUSSELL PANGBORN, State Bar No. 174,696
2   FULWIDER, PATTON, LEE & UTECHT, LLP
    200 Oceangate, Suite 1550
3   Long Beach, California 90802
    Telephone:    (562) 432-0453
4
    DANIEL G. LAMB, JR., State Bar No. 101685
5   BRIAN D. MARTIN, State Bar No. 199255
    BROBECK, PHLEGER & HARRISON LLP
6   550 West "C" Street, Suite 1300
    San Diego, California 92101-3532
7   Telephone:    (619) 234-1966
    Facsimile:    (619) 234-3848
8
    Attorneys for Plaintiff,
9   Egl 1, Inc., d.b.a. Eagle One Industries

10

11

12                      UNITED STATES DISTRICT COURT

13                   SOUTHERN DISTRICT OF CALIFORNIA

14
    EGL 1, INC. D.B.A. EAGLE ONE          )   Case No. 99CV 0788 JM LSP
15  INDUSTRIES, a California corporation, )
                                          )   COMPLAINT FOR DECLARATORY
16              Plaintiff,                )   JUDGMENT RE: NON-
                                          )   INFRINGEMENT OF TRADEMARK,
17         v.                             )   NO DILUTION, ACQUIESCENCE,
                                          )   LACHES, AND DEMAND FOR JURY
18  PORSCHE CARS NORTH AMERICA,           )   TRIAL
    INC., a Delaware corporation, and DR. ING )
19  h.c.F. PORSCHE AG, a German           )
    corporation,                          )
20                                        )
                Defendants.               )
21  _____)

22

23         Plaintiff Egl 1, Inc., d.b.a. Eagle One Industries, by and through its undersigned attorneys,

24  complains and alleges as follows:

25                              **THE PARTIES**

26         1.    Plaintiff, Egl 1, Inc., d.b.a. Eagle One Industries ("Eagle One" or "Plaintiff") is a

27  corporation organized and existing under the laws of the State of California with its principal place

28  ///

1   of business at 5927 Landau Court, Carlsbad, California 92008. Eagle One manufactures and sells

2   commercially successful automotive aftermarket polishes, waxes, cleaners and conditioners.

3       2.     Upon information and belief, Dr. Ing. h.c.F. Porsche AG ("Porsche AG") is a

4   German corporation located in Stuttgart, Germany, and is in the business of designing,

5   manufacturing, exportation, and sale of automobiles.

6       3.     Upon information and belief, Porsche Cars North America ("Porsche NA") is a

7   Delaware corporation with a principal place of business in Atlanta, Georgia. Porsche NA is in the

8   business of importing and selling automobiles. Porsche AG and Porsche NA (collectively

9   "Defendants") are believed to be affiliated companies.

10               **JURISDICTION AND VENUE**

11       4.     This lawsuit is an action for declaratory judgment pursuant to the provisions of 28

12   U.S.C. §§2201 and 2202, arising out of Defendants' claims of trademark infringement, dilution and

13   related claims, pursuant to Title 15 of the U.S. Code.

14       5.     By this lawsuit Eagle One seeks declaratory judgment of non-infringement,

15   acquiescence, and laches.

16       6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) in that a

17   substantial part of the events giving rise to these claims occurred in this district.

18       7.     On information and belief, venue is also proper because Defendants have contacts

19   sufficient to subject them to personal jurisdiction in this judicial district and, therefore, reside

20   within this judicial district, as provided by 28 U.S.C. § 1391(c).

21               **SUMMARY OF FACTS**

22       8.     Upon information and belief, Defendants have asserted rights to an unregistered

23   trademark for the design of its Porsche automobile (911 model).

24       9.     Since approximately November, 1994, Eagle One has used and continues to use a

25   depiction of a Porsche automobile owned by its former President, Mr. Bernard Li, on certain of its

26   literature and packaging for automobile wax and polish products. A true and correct color scanned

27   copy of the product (front and back panels) is attached as Exhibit A.

28   ///

10.     In or about July, 1994 Eagle One conducted research and development testing to determine the beneficial effects of PTFE fluoroadditives (i.e., TEFLON) in its automotive polishes and waxes. Eagle One had planned for the release of a new line of waxes to be sold under the designation "WET" designation.

11.     Eagle One's research revealed certain beneficial aspects provided by the inclusion of certain "soft" PTFE fluoroadditives. As such, Eagle One proceeded with the production of its new line of waxes and polishes to be sold under the designation EAGLE ONE WET® (U.S. TM Reg. Nos. 1,951,966 and 1,957,582) with packaging bearing a superimposed photograph of Mr. Li's Porsche automobile. (See Exhibit A).

12.     In approximately mid to late 1994, upon completion of the product formulation and design of the packaging, but prior to introduction of the new product to consumers, Eagle One forwarded correspondence and sample product to the then Vice President of Marketing for Porsche NA, notifying Porsche NA of Eagle One's proposed use of the subject Porsche depiction.

13.     No objections to such packaging were made by Porsche NA.  As such, in good faith reliance on Defendants' lack of objection, in or about November, 1994 Eagle One introduced the EAGLE ONE WET® automobile wax and polish products bearing Eagle One's long developed EAGLE ONE® trademark (U.S. TM Reg. Nos. 1,630,554, 1,638,817, and 1,724,919), its traditional and distinctive trade dress comprising the black bottles and packaging with its fanciful red, orange and yellow COLORED STRIPES LOGO (U.S. TM App. Ser. No. 75/466,480), its new designation for this line of products EAGLE ONE WET®, and a superimposed front, left angle depiction of Mr. Li's shiny and "wet-looking" Porsche automobile. (See Exhibit A).  This new line of wax and polish products was introduced at the 1994 APAA/SEMA Trade Show in Las Vegas, Nevada.

14.     From prior to November, 1994 through March, 1999, Defendants raised no objections to Eagle One's continued use of a depiction of a Porsche automobile on its product labels, packaging, or marketing materials.

15.     In good faith reliance on Defendants' acquiescence to use of the depiction at issue, Eagle One continued to expend significant amounts of money in its development additional

EAGLE ONE WET® products bearing similar trade dress, establishing a significant reputation in EAGLE ONE WET® products.

16.     Upon information and belief, several Porsche dealerships throughout the U.S. have purchased and prominently displayed, and continue to purchase and prominently display, EAGLE ONE WET® products bearing the subject depiction.

17.     In approximately December, 1998, Eagle One was undertaking a plan to introduce its various products in Europe.  In view of the differing laws (particularly in Germany) as pertaining to unfair competition and industrial design protections, Eagle One notified Porsche of its intentions prior to marketing products bearing the subject depiction in Europe.  In a letter dated February 9, 1999, Eagle One contacted Porsche AG seeking express consent for such use.  A true and correct copy of this letter is attached as Exhibit B.

18.     In a letter dated February 14, 1999, Porsche AG denied Eagle One's request for consent or license thereof.  A true and correct copy of this correspondence is attached as Exhibit C.

19.     In a letter dated March 12, 1999, Defendants, through their attorneys, raised objections to Eagle One's use of the Porsche depiction in the U.S. on its wax and polish products. Therein, Defendants demanded that Eagle One immediately cease and desist use of the subject depiction and pay Porsche damages in the amount of 25% of gross sales of product bearing the subject depiction.  Defendants threatened that if these demands were not met, Porsche would "seek both a preliminary and permanent injunction against Eagle One, and seek Porsche's damages, treble damages, punitive damages and Porsche's attorney's fees."  A true and correct copy of this letter is attached as Exhibit D.

20.     In a letter dated April 8, 1999, Eagle One responded, through its attorneys, that it disagreed with Defendants' allegations and, further, that it had provided prior notification to Defendants, all without any objection.  A true and correct copy of this letter is attached hereto as Exhibit E.

21.     In a letter dated April 12, 1999 Defendants responded by maintaining its demands that Eagle One immediately pay Porsche 25% "on all past sales and on all sales during [any] sell down period."  Without payment and production of confidential proprietary documents of Eagle

1    One, Defendants threatened "to initiate litigation immediately, and seek a preliminary and

2    permanent injunction, and damages." Defendants also required compliance within one week. A

3    true and correct copy of this letter is attached hereto as Exhibit F.

4          22.    Meanwhile, relying on the continued acquiescence of Defendants for more than four

5    years, Eagle One prepared its 1999 product lines, packaging and marketing materials, a portion of

6    which incorporate the depiction of Mr. Li's Porsche automobile thereon. As such, it has a

7    significant amount of inventory and promotional materials bearing the depiction. Compliance with

8    Defendants' demands would result in Eagle One being unable to meet the expectations of its

9    customers for EAGLE ONE WET® products, would render a great portion of its promotional

10   material worthless, would damage Eagle One's reputation in the industry, and would prevent Eagle

11   One from realizing the benefit of the sales of said product bearing the trademarks and trade dress it

12   has developed, the goodwill of which Eagle One created and built-up in the relevant market.

13         23.    The preceding correspondence from Defendants and their demands have placed

14   Eagle One in reasonable apprehension of a trademark infringement and/or dilution suit initiated by

15   Porsche NA and/or Porsche AG. In light of Defendants' charges of trademarks infringement,

16   dilution, and related claims, and Eagle One's denial of said claims and its assertion of affirmative

17   defenses to said claims, an actual justiciable controversy exists among the parties over the right to

18   use the depiction of Mr. Li's Porsche automobile on product packaging and related promotional

19   materials.

### FIRST CLAIM

### (NON-INFRINGEMENT)

22         24.    Paragraphs 1 through 23 are incorporated by reference herein as if repeated in full.

23         25.    Defendants' contend that Eagle One infringes the purported trademark rights

24   Defendants have in design of the specific model of Porsche portrayed on Eagle One's subject

25   EAGLE ONE WET® products.

26         26.    Eagle One contends that it does not infringe Defendants' trademark rights, if any, in

27   the subject depiction, under 15 U.S.C. §1125(a).

28   ///

27.     As a result of Defendants' assertions of a claim of trademark infringement against Eagle One, Defendants' express written intention to file suit against Eagle One, and Eagle One's denial of said claim, an actual justiciable controversy exists between the parties.

28.     Wherefore, entry of a declaratory judgment is sought declaring that Eagle One does not infringe any trademark rights of Porsche NA or Porsche AG.

## SECOND CLAIM

### (NO DILUTION)

29.     Paragraphs 1 through 28 are incorporated by reference herein as if repeated in full.

30.     Defendants' contend their purported trademark rights in the subject Porsche design are famous and that Eagle One's use of the subject depiction on Eagle One's polish and wax products dilutes those purported trademark rights.

31.     Eagle One contends that it does not dilute Defendants' trademark rights, if any, in the subject depiction, under 15 U.S.C. §1125(c).

32.     As a result of Defendants' assertions of a claim of dilution against Eagle One, Defendants' express written intention to file suit against Eagle One, and Eagle One's denial of said claim, an actual justiciable controversy exists between the parties.

33.     Wherefore, entry of a declaratory judgment is sought declaring that Eagle One does not dilute any trademark rights, if any, of Porsche NA or Porsche AG.

## THIRD CLAIM

### (ACQUIESCENCE)

34.     Paragraphs 1 through 33 are incorporated by reference herein as if repeated in full.

35.     In 1994 Eagle One notified Porsche NA of its intent to use the subject depiction on Eagle One's polish and wax products, provided samples of the product, and sought comment.

36.     In 1994 Porsche NA failed to raise any objections to Eagle One's proposed use of the subject depiction, acquiescing to Eagle One the right to use said depiction, so Eagle One commence use and continues use thereof.

37.     Defendants' did not object to Eagle One's proposed use of the subject depiction in 1994 when it was expressly notified of Eagle One's intentions prior to Eagle One's introduction to

1  the public. Defendants' subsequently acquiesced for more than four years and, further, Porsche

2  dealerships purchased for resale and distribution the EAGLE ONE WET® product bearing the

3  subject depiction.  As a result of the Defendants' recent assertions of trademark infringement and

4  dilution against Eagle One, Defendants' express written intention to file suit against Eagle One,

5  and Eagle One's denial of said claim, an actual justiciable controversy exists between the parties.

6       38.    Wherefore, entry of a declaratory judgment is sought declaring that Defendants' are

7  estopped from claiming infringement or dilution of any trademark rights of Porsche NA or Porsche

8  AG as a result of its acquiescence for more than four years.

9  <center>**FOURTH CLAIM**</center>

10  <center>**(LACHES)**</center>

11       39.    Paragraphs 1 through 38 are incorporated by reference herein as if repeated in full.

12       40.    Eagle One, with Defendants' knowledge and acquiescence, has sold automotive

13  waxes and polishes bearing the subject depiction for more than four years, creating extensive

14  goodwill in the trade dress and trademarks displayed on its EAGLE ONE WET® products.

15       41.    Defendants unreasonably delayed in raising any objections to Eagle One's use of the

16  subject depiction.

17       42.    In reliance on the Defendants delay in raising objections, Eagle One has invested

18  significant amounts of money and resources in the research and development, promotion, sales and

19  distribution of its waxes and polishes incorporating the subject depiction.  As such, Eagle One will

20  be unduly prejudiced if it must immediately discontinued marketing and promoting its car waxes

21  and polishes in conjunction with the subject depiction, particularly due to its sizable inventory of

22  relevant product.

23       43.    As a result of the Defendants' recent assertions of trademark infringement and

24  dilution against Eagle One, Defendants' express written intention to file suit against Eagle One,

25  and Eagle One's denial of said claim, an actual justiciable controversy exists between the parties.

26       44.    Wherefore, entry of a declaratory judgment is sought declaring that Defendants' are

27  barred from seeking past damages or obtaining immediate injunctive relief by the doctrine of

28  laches.

**PRAYER FOR RELIEF**

WHEREFORE, Eagle One prays that judgment be entered by this Court in its favor and against the Defendants Porsche AG and Porsche NA, providing the following relief:

A.    The entry of declaratory judgment that Eagle One is not infringing any purported trademark or trade dress rights that Defendants may have in the shape of the relevant Porsche automobile depicted on Eagle One's subject labels, packaging and promotional materials;

B.    The entry of declaratory judgment that Eagle One is not diluting any purported trademark rights Defendants may have in the shape of the relevant Porsche automobile depicted on Eagle One's subject labels, packaging and promotional materials;

C.    The entry of declaratory judgment that Defendants have acquiesced to Eagle One's continued use of the Porsche depiction on the labels, packaging and related marketing materials and are, thus, estopped from now claiming infringement or dilution based on Eagle One's subject use;

D.    The entry of declaratory judgment that Defendants are barred from recovery of past damages or injunctive relief due to laches.

E.    That Plaintiff be awarded damages in an amount to be determined in the course of litigation.

G.    For such other relief as the Court deems just and proper.

Respectfully submitted,


DATED:  April 16, 1999                  VERN SCHOOLEY
                                        RUSSELL PANGBORN
                                        FULWIDER, PATTON, LEE & UTECHT, LLP

                                        DANIEL G. LAMB, JR.
                                        BRIAN D. MARTIN
                                        BROBECK, PHLEGER & HARRISON LLP


                                        By:  _____
                                             Brian D. Martin
                                             Attorneys for Plaintiff Egl 1, Inc., dba
                                             Eagle One Industries

1

2

## DEMAND FOR JURY TRIAL

3        Plaintiff hereby demands a trial by jury as to all issues so triable in this action.

4

5   DATED:  April 16, 1999                VERN SCHOOLEY
                                          RUSSELL PANGBORN
6                                         FULWIDER, PATTON, LEE & UTECHT, LLP

7                                         DANIEL G. LAMB, JR.
                                          BRIAN D. MARTIN
8                                         BROBECK, PHLEGER & HARRISON LLP

9

10                                        By:    _____
                                                 Brian D. Martin
11                                               Attorneys for Plaintiff Egl 1, Inc., dba
                                                 Eagle One Industries
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28





February 9, 1999


Frau Reihnardt
Porsche AG
Legal Department
Porsche PI
70435 Stuttgart
Germany

Dear Frau Reihnardt:

An associate of mine at Valvoline, Barry Bronson, spoke with you this morning regarding the packaging of Eagle One premium automotive appearance products in Europe. He conveyed to me, your direction to submit our request in writing, along with a sample of the desired packaging.

Eagle One is a manufacturer and marketer of premium positioned automotive appearance products. The brand is over twenty years old, and was purchased by Valvoline one year ago.

As part of our business strategy, we will be expanding our sales distribution into Europe, taking advantage of Valvoline's business and distribution. We would like to leverage the packaging which has been utilized in North America, and have developed the proposed packaging graphics. A copy of the proposed Eagle One WET Car Polish/Wax packaging is enclosed for your review.

We would like to respectfully request your permission to produce this packaging across our line of products for European distribution.

If there is any information or additional materials which you would need to assist you in your review, I would be pleased to provide them to you. Thank you very much for your consideration.

Sincerely


John J. Dillon
Vice President, Marketing

# PORSCHE

FAX

| To | Telefax |
|---|---|
| Eagle One Industries, AB.: Mr. John Dillon, Vice President Marketing | |
| Datum · Date | Seiten einschl. Deckblatt · Pages, Cover incl. |
| 24.02.1999 | |
| Von · From | Abteilung · Department |
| A. Reinhardt, Legal Department | |

Dr. Ing. h. c. F. Porsche Aktiengesellschaft

| Zuffenhausen | Telefon: +49 (0) 711 911- 6160 | Telefax: +49 (0) 711 911- 6223 |
|---|---|---|
| Ludwigsburg | Telefon: +49 (0) 711 911- | Telefax: +49 (0) 711 911- |
| Bissach | Telefon: +49 (0) 711 911- | Telefax: +49 (0) 711 911- |

Automotive Appearance Products

Dear Mr. Dillon,

We refer to your letter dated February 9, 1999, in which you request permission to use the image of a Porsche vehicle on the packaging of Eagle One automotive appearance products in Europe.

We regret having to inform you that we are not prepared to grant you the requested permission. Porsche's general policy is to grant permission to use images of Porsche vehicles for promotional purposes only to long-standing suppliers to our series production and to companies with which we are cooperating, for instance in connection with motor sport events. Apart from that, we are selling our own line of car care products via the worldwide Porsche dealer network so that the product for which you request permission for the packaging is in direct competition to our own product.

Before closing, we would like to ask you for clarification of your statement that you "would like to leverage the packaging which has been utilized in North America". Does that mean that you are already using the image of a Porsche vehicle on the packaging of your products in the US? In the affirmative, who granted you the respective permission? We would appreciate your response by facsimile (no. 711/9116223). Thank you.

Yours sincerely,
Dr. Ing. h. c. F. Porsche
Aktiengesellschaft
Legal Department

A. Reinhardt

LAW OFFICES

# HOWARD, PHILLIPS & ANDERSEN

*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: GDP@HPALAW.COM

560 East 200 South, Suite 230
Salt Lake City, UT 84102

March 12, 1999

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

**VIA FACSIMILE (No. 760-931-0691)**
**AND REGULAR MAIL**

Barnard A. Li, President
John J. Dillon, Vice-President
Egl-1, Inc. dba Eagle One Industries
5927 Landau Court
Carlsbad, California 92008

Re:   Infringement and Dilution of Porsche Trademarks, Service Marks, and Trade Dress

Dear Mr. Li and Dillon:

This law firm represents both Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc. ("Porsche") on trademark matters and in trademark litigation. Porsche takes policing and enforcement of its trademark and trade dress rights seriously. During the past several years, Porsche has successfully obtained preliminary and permanent injunctions against numerous trademark infringers, and has resolved many other matters short of litigation. See e.g., Liquid Glass Enterprises v. Dr. Ing. h.c.F. Porsche AG, 8 F.Supp.2d 398 (D.N.J. 1998); Porsche Cars North America v. Manny's Porshop, 972 F.Supp. 1128 (N.D.Ill. 1997);Dr. Ing h.c.F. Porsche AG v. Universal Brass. Inc., 34 U.S.P.Q.2d 1593 (W.D.Wa. 1995).

It recently came to Porsche's attention that Egl-1, Inc. dba Eagle One ("Eagle One") is using Porsche's world famous and distinctively shaped 911 automobile on the packaging of its WET/ Wet-Look Car Polish and on the product itself. Eagle One is also using Porsche's world famous automobiles on its web site at www.eagleone.com. In so doing, Eagle One is infringing and diluting Porsche's significant and world famous trademark and trade dress rights, is misappropriating the good will and reputation of Porsche, and is also engaging in false and misleading advertising by causing the public to believe that the product Eagle One is somehow sponsored by, affiliated with, or approved by Porsche.

PORSCHE®, the Porsche Crest ®, CARRERA®, TARGA®, and BOXSTER® are some of the registered trademarks of Dr. Ing. h.c.F. Porsche AG, and are proprietary property of that corporation. In addition, Porsche has trade dress rights in the distinctive shapes of the Porsche automobiles and trademark rights in its model numbers, including but not limited to, the Porsche models 996, 993, 911, 912, 914, 924, 928, 930, 944, 959, 968, 356, and the Boxster. Porsche also has protectable rights in its Parts Numbering System. Usage of the Porsche trademarks or trade

Eagle One
March 12, 1999
Page 2


dress or any confusingly similar variation thereof, without consent, violates state and federal law, is misleading to the public, and constitutes a misappropriation of the goodwill and reputation developed by Porsche.

In an identical case, Liquid Glass Enterprises, Inc., v. Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc., 8 F.Supp.2d 398 (DNJ 1998), Judge Barry preliminarily enjoined Liquid Glass from using photographs of a Porsche 911 in its advertisements for car care and cleaning products "because Liquid Glass wanted to usurp Porsche's reputation and strength....   Stated somewhat differently, Liquid Glass wanted to cash in on the good will that Porsche has worked hard to create and maintain by aligning itself with Porsche."

Judge Barry further found that use of the Porsche trademarks and automobiles in advertisements diluted Porsche's trademark and trade dress rights because the use of Porsche's "trademarks and trade dress is likely to slowly whittle away the distinctiveness of Porsche's marks, demeaning the Porsche cachet and blurring the value of its famous and strong marks."

Judge Barry rejected Liquid Glass's "fair use defense" because Liquid Glass "was trying to attract customers by capitalizing on Porsche's good will and reputation for quality products" and because "Liquid Glass's advertisements could mislead the public into believing that Porsche endorsed Liquid Glass's products or at least approved of their use on Porsche automobiles."

Judge Barry also rejected Liquid Glass's argument that Porsche should be flattered because Liquid Glass was simply engaging in supportive advertising for Porsche: "Although it has been said that 'imitation is the sincerest form of flattery,' it is equally true, especially in the context of trademark litigation, that 'flattery will often get you nowhere.' Bausch & Lomb Inc. v. Nevitt Sales Corp., 810 F. Supp. 466, 468 (W.D.N.Y. 1993).... In the context of trademark litigation, 'grounds for irreparably harm include loss of control of reputation, loss of trade, and loss of goodwill,' regardless of whether the infringer is putting the mark to a good or favorable use."

Eagle One is similarly attempting to capitalize on and profit from Porsche's good will and reputation by using Porsche's world famous trade dress. Like Liquid Glass, Eagle One's exploitation of Porsche's world famous trade dress is infringing and diluting Porsche's rights. Such infringement and dilution of Porsche's trademarks and trade dress must cease immediately.

Porsche sincerely hopes that Eagle One understands the importance of trademarks in advertising, and that Eagle One will agree through the agreement set forth below to cease and desist immediately from using the Porsche trademarks and trade dress, and pay Porsche reasonable

(gp)

Eagle One
March 12, 1999
Page 3

damages for Eagle One's infringement and dilution. If Eagle One will not agree to cease and desist immediately and pay Porsche reasonable damages, Porsche will seek both a preliminary and permanent injunction against Eagle One, and seek Porsche's damages, treble damages, punitive damages, and Porsche's attorney's fees. Please be advised that unless Eagle One agrees below to cease and desist from its infringement, dilution, and false advertising, and pay damages, Porsche will immediately initiate litigation against Eagle One.

In order that Porsche may assess what damages it has suffered as a result of Eagle One's sale of products using the Porsche trademarks and trade dress, please provide the following information no later than March 19, 1999:

1) The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

2) The gross revenue received from the sale of such products set forth by product or item;

3) The time period during which such products have been offered and sold; and

4) The names and addresses of all non-retail purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

Porsche further demands that Eagle One turn over to Porsche for destruction all advertisements, packaging, labels, products, and photographs using the Porsche automobiles, the Porsche trademarks, or the Porsche trade dress no later than March 19, 1999.

Porsche notes that Eagle One has, after the fact, requested authorization from Porsche AG to use Porsche's trademarks and trade dress. This request was denied because Porsche markets and sells its own car care products that compete directly with Eagle One's products. Thus, by making this request, Eagle One has acknowledged Porsche's significant trademark rights. Eagle One's acknowledgment of Porsche's rights and its knowing violation of Porsche's rights, among other things, make this an exceptional case under the trademark laws allowing Porsche to recover treble damages and attorneys' fees against Eagle One.

By no later than March 19, 1999, please have the appropriate officer at Eagle One sign and return a copy of this letter indicating Eagle One's agreement to cease and desist its infringement and

(sd)

Eagle One
March 12, 1999
Page 4

dilution of Porsche's trademarks and trade dress, and its false advertisements, and to pay Porsche
reasonable damages. Failure to sign and return this letter will be viewed as a willful violation of the
trademark laws, and will constitute grounds for seeking all available damages, including punitive
damages and attorneys' fees.

Eagle One may be otherwise infringing or diluting Porsche's trademarks or trade dress in
ways other than those set forth above. The list set forth above is not intended to be comprehensive,
and Porsche reserves the right to bring to your attention other matters that Porsche believes infringe
or dilute its trademarks and trade dress, or constitute false advertisement.

This letter is without prejudice to all rights of Porsche, including past or future royalties, past
or future damages, attorneys' fees, and to bring enforcement actions for all past or future
infringement, dilution, unauthorized uses, or false advertisement.

Should you have any questions concerning Porsche's position in this matter, please do not
hesitate to contact me.

Very truly yours,

Gregory D. Phillips

GDP
cc:    Patricia R. Britton, Esq.

## AGREEMENT

By execution of this Agreement, the undersigned agrees immediately to cease and desist from
all unauthorized uses of the Porsche trademarks and trade dress, and false advertisement in its
products, services, advertisements, promotional literature, promotional telecasts, broadcasts, signage,
on the Internet, or otherwise, in connection with the sale of any product, part, good, or service.

Specifically, by way of illustration and without limiting the general agreement expressed
above, the undersigned agrees that it will

(1)    immediately cease using Porsche automobiles,  the Porsche trademarks, or the
Porsche trade dress in any manner;

(gp)

Eagle One
March 12, 1999
Page 5


    (2)   immediately turn over to Porsche for destruction all advertisements, packaging. labels, products, and photographs using the Porsche automobiles, the Porsche trademarks, or the Porsche trade dress.

    (3)    provide the following information no later than March 19, 1999:

        a)     The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

        b)     The gross revenue received from the sale of such products set forth by product or item;

        c)     The time period during which such products been offered or sold: and

        d)     The names and addresses of all non-retailer purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

    (4)    no later than March 19, 1999, pay Porsche by cashier's check a royalty in the amount of twenty five percent (25%) of the gross revenues from the sales of any products using the Porsche trademarks or trade dress sold in the last three years.[1]

    The undersigned further agrees and acknowledges that any violation or breach of this Agreement will cause irreparable harm to Porsche, and that Porsche will be entitled to both a preliminary and permanent injunction against the undersigned for any violation of this Agreement. as well as any other remedy allowed by law. The undersigned further agrees that if it breaches this Agreement, it will pay all costs incurred by Porsche in enforcing this Agreement, including reasonable attorneys' fees, whether incurred with or without suit or before or after judgment.

    In the event that the undersigned has any questions concerning names, advertisements. signage, or other issues relating to trademark issues, they should contact the General Counsel of Porsche Cars North America, Inc. at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.

_____

    [1] In the event that Porsche is forced to litigate this matter, Porsche will seek all of your profits from the sale of such products trebled as damages, punitive damages, and Porsche's attorneys' fees.

(gp)

Eagle One
March 12, 1999
Page 6


**AGREED TO:**
**EAGLE ONE:**


**By:** _____

**Its:** _____

**Date:** _____

(sa)

RICHARD A. BARDIN
GILBERT G. KOVELMAN
KERN SCHOOLEY
JAMES W. PAUL
JOHN S. NAGY
CRAIG B. BAILEY
STEPHEN J. STRAUSS
THOMAS A. RUNK
MICHAEL S. ELKIND
GARY M. ANDERSON
RONALD E. PEREZ
DAVID G. PARKHURST
GUNTHER O. HANKE
ROBERT L. KOVELMAN
PAMELA G. MAHER
JOHN V. HANLEY
JOHN K. FITZGERALD
JAMES JUO
RUSSELL C. PANGBORN
RICHARD B. CATES
PAUL Y. FENG
JO ANNE M. YBABEN
MURIEL C. HARITCHABALET
DAVID J. PITMAN
SUSAN L. POLLYEA
ROBERT POPA
DAVID S. SARISKY
MICHAEL S. DOLL
PAUL D. O'BRIEN
BRYCE D. DEARY
MICHAEL B. AYERS
DAVID B. SANDELANDS

**FULWIDER PATTON LEE & UTECHT, LLP**

ATTORNEYS AT LAW

200 OCEANGATE

SUITE 1550

P. O. BOX 22615

**LONG BEACH, CALIFORNIA 90801-5615**

(562) 432-0453

FAX: (562) 435-6014

April 8, 1999

PATENT, TRADEMARK,
COPYRIGHT AND
TECHNOLOGY MATTERS

INTERNET:
fulwider@fulpat.com

LOS ANGELES OFFICE
CENTER WEST
10877 WILSHIRE BLVD.
TENTH FLOOR
LOS ANGELES, CA 90024
fulwider@fulpat.com
(310) 824-5555
FAX (310) 824-9696

OF COUNSEL
LONG BEACH OFFICE
FRANCIS A. UTECHT

OF COUNSEL
LOS ANGELES OFFICE
I. MORLEY DRUCKER
HOWARD N. SOMMERS
ELLSWORTH R. ROSTON

ROBERT W. FULWIDER
(1903-1979)
WARREN L. PATTON
(1912-1985)
JOHN M. LEE
(1921-1978)

Writer's E-mail
rpangborn@fulpat.com

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
560 East 200 South, Suite 230
Salt Lake City, Utah 84102

<u>LETTER ONLY VIA FACSIMILE: 801-366-7706</u>
<u>ORIGINAL WITH ENCLOSURES</u>
<u>VIA FIRST CLASS MAIL</u>

Re:   Allegations of Infringement by Porsche
      Against Eagle One Industries
      <u>Our Docket No. EAGLE.50227</u>

Dear Mr. Phillips:

We have now had a chance to review the allegations you raised in your letter dated March 12, 1999, as well as review the case law referenced therein. While Eagle One Industries ("Eagle One") respects the rights of Porsche and its concerns as to improper use of its valuable trademarks, Eagle One respectfully disagrees with the allegations raised in your noted letter. Please note, however, that Eagle One wishes to reach a mutually agreeable resolution in this matter.

There has been some apparent lack of communication among people at Porsche Cars North America, Porsche A.G., and Dr. Ing (hereinafter collectively "Porsche"). By way of background, our client advises us that in mid-1994, prior to Eagle One's commencement of use of the depiction of a Porsche automobile on its EAGLE ONE WET® car care products, Eagle One Industries' then President, Bernard A. Li, contacted Joel Ewoniak, understood to be Vice President of Marketing for Porsche Cars North America, by correspondence to notify him of Eagle One's intended use of the Porsche depiction on Eagle One car care products. Mr. Li also enclosed samples of the proposed EAGLE ONE WET® "Wet-Look Car Polish" for Mr. Ewoniak's personal review and use. No subsequent objections were raised by Mr. Ewoniak or anyone else at Porsche . . . until now.

19603

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
April 8, 1999
Page 2

  In reliance on Porsche's tacit acknowledgment, if not implied permission, later in 1994 Eagle One introduced its line of EAGLE ONE WET® car care products bearing an off-centered, front angle photograph of Mr. Li's personal Porsche automobile. A computer scanned color image of the EAGLE ONE WET® product (front and back panels) is enclosed for your reference. (You will note from the back label that the copyright notice identifies the year of creation as 1994). Versions of this label and similar packaging have been used continuously bearing the noted Porsche depiction since that time, without objection by Porsche. In fact, it is believed that numerous authorized Porsche dealerships have for years prominently displayed EAGLE ONE WET® car care products. From what we are told, officers of Porsche visit the various authorized dealerships from time to time, yet our client is not aware of any objections to the EAGLE ONE WET® displays either raised to the dealership owners or to Eagle One.

  In your noted correspondence of March 12, strong language of infringement and dilution is used, with extensive reference made to the trademark rights of Porsche in its various model names and numbers. Please note that nowhere in its packaging or promotional materials does Eagle One legibly portray any federally registered trademark of Porsche, or its model numbers. Rather, the only use at issue is the incorporation of an askew, front left angle photograph of single red Porsche automobile that happens to be owned by Eagle One's former President, Mr. Li. Eagle One notified Porsche of the intended use of the Porsche depiction and sought comment from Porsche concerning the same. No response was forthcoming.

  You also referenced several published cases in which Porsche successfully defended its trademark rights against third parties, however, none reflect facts similar to the situation at hand. Porsche Cars North America v. Manny's Porshop, 972 F.Supp. 1128 (N.D. Ill. 1997) involved a defendant who misrepresented to Porsche that it had discontinued use of an allegedly infringing service mark and trade name, PORSHOP, but was later discovered to have resumed use. This defendant was in the business of servicing Porsche 911 automobiles. In Dr. Ing h.c.F. Porsche AG v. Universal Brass, Inc., 34 USPQ2d 1593 (W.D. Wa. 1995), the defendant improperly copied Porsche's federally registered trademarks on novelty automobile accessories such as key chains, paper weights, license plate holders and the like. Again, the relevant defendant represented to Porsche that it had discontinued use of the alleged infringing activities only to resume the offending activities at a later date.

  Neither of these cases remotely reflect the activities at issue in this instance. Eagle One, as a holder of numerous federally registered trademarks, appreciates the value and importance of a company's intellectual property rights. Eagle One is not incorporating the Porsche name into it's company name, nor is it attempting to sell Porsche related novelty item. Rather Eagle One

19603

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
April 8, 1999
Page 3

utilizes its own prominently displayed federally registered EAGLE ONE® and EAGLE ONE WET®
trademarks on its subject products. For your reference, we enclose copies of Eagle One's U.S.
Registration Nos. 1,130,649, 1,262,118, 1,466,117, 1,467,894, 1,630,554, 1,634,615, 1,638,087,
1,638,817, 1,649,449, 1,670,945, 1,724,919, 1,951,966, 1,957,582 and 1,981,471 pertaining to these
marks.

        With regard to Liquid Glass Enterprises v. Dr. Ing. h.c.F. Porsche AG, 8 F.Supp.2d
398 (D.N.J. 1998), on its face the facts sound similar, but a closer look again results in clear
distinctions. First, it should be noted that this published opinion was merely a ruling on a
preliminary injunction motion and was not the result of a trial on the merits. Regardless, the
defendant in Liquid Glass not only used a depiction of a Porsche automobile in its print
advertisements and a promotional video, but it "prominently displayed" the federally registered
PORSCHE trademark, and utilized "a provocatively-dressed women applying Liquid Glass car
polish to a Porsche 911". Id. at 399. Furthermore, the video opens with the federally registered
"Porsche Crest" also plainly visible, followed by "a woman who is undressing and taking a shower".
Id. at 400. For approximately 6 years Porsche continually demanded that Liquid Glass discontinue
use of a Porsche 911 in its advertisements. Liquid Glass failed to comply with its repeated demands
resulting in the preliminary injunction granted by the U.S. District Court for the District of New
Jersey.

        Eagle One's use of the off-centered, front angle photograph of Mr. Li's automobile
on the product packaging is clearly different from the usage of Liquid Glass. Eagle One does not
prominently display any federally registered trademarks of Porsche, nor does it utilize provocatively
dressed women on its noted EAGLE ONE WET® product labels or packaging. To the extent your
client claims that the trademark or trade dress rights of the Porsche 911 product configuration are
being misappropriated by Eagle One, you failed to identify what aspects of the Porsche 911 comprise
Porsche's relevant rights, nor do you present any evidence that Porsche owns federal trademark
registrations on any aspect of the subject automobile's shape, color or model numbers. In our
opinion, your client would be hard pressed to succeed on a claim that the askew view of a Porsche
from the off-centered front angle shown on the product packaging is the protectable trademark of
your client. Regardless, in view of Porsche's silence in reply to our client's notification of its
intentions to use the subject depiction, Porsche could well be estopped from now claiming
infringement. At the very least, a strong argument for a laches defense is available to Eagle One due
to Porsche's unreasonable delay in raising objections.

        Furthermore, despite more than four years of use of the noted depiction of Mr. Li's
automobile, no instances of actual confusion have arisen, nor has any confusion as to source,
sponsorship, affiliation been experienced by Eagle One. I also note that you have not provided any
evidence of actual confusion experienced by your client.

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
April 8, 1999
Page 4

      As previously indicated, our client wishes to seek a mutually agreeable resolution to this matter. Ideally, Eagle One would like to obtain the consent of your client to continue use of the noted depiction of Mr. Li's automobile on its product packaging. It would, of course, be willing to add an appropriately worded notice recognizing the trademark and trade dress rights of Porsche on its labeling. However, should Porsche adamantly continue its objections to Eagle One's noted use, our client is willing to discontinue use of the noted depiction so long as Porsche permits Eagle One a reasonable period of time to deplete its inventory of product bearing this depiction and is released from any related claims. Eagle One has a rather extensive inventory of packaging and labeling bearing the noted depiction. As such, a one year phase-out period would be required to permit Eagle One adequate time to deplete its inventory and simultaneously conduct the necessary market analysis to determine appropriate replacement labeling.

      As a good faith gesture of Eagle One's willingness to cooperate with Porsche in this matter, we enclose a downloaded color copy of the "**eagleone.com**" website evidencing that the use of the Porsche automobile portrayed therein has been removed. Please note that Eagle One only launched its noted web site in March of this year. As such, any use of a Porsche depiction in its web site was short-lived.

      We look forward to your client's cooperation in this regard. Should you or your client have any questions in this regard, please feel free to contact me.

          Sincerely,

          FULWIDER PATTON LEE & UTECHT, LLP

          Russell C. Pangborn

RCP:jcp
Enclosures

cc:    John Biehl, Esq.
       The Valvoline Company





Prio. ___ Cls.: 4 and 52

United States Patent and Trademark Office

New Cert.

Reg. No. 1,130,649

Registered Feb. 12, 1980

OG Date July 28, 1987

## TRADEMARK
## PRINCIPAL REGISTER
### REGISTRATION ASSIGNED

### EAGLE 1

EGL 1 INCORPORATED (CALIFORNIA CORPORATION)

15 CHRYSLER

IRVINE, CA 92718, ASSIGNEE OF EAGLE ONE INDUSTRIES (CALIFORNIA LIMITED PARTNERSHIP) FOUNTAIN VALLEY, CA

FOR: AUTOMOBILE CLEANERS AND POLISHES—NAMELY, WHEEL CLEANERS, PLASTIC POLISHES, TIRE DRESSINGS AND INTERIOR CLEANERS, IN CLASS 3 (U.S. CLS. 4 AND 52).

FIRST USE 7-25-1978: IN COMMERCE 7-25-1978.

SER. NO. 190,954, FILED 10-26-1978.



*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on July 28, 1987.*

COMMISSIONER OF PATENTS AND TRADEMARKS

certificates for each of the above marks in
Inc.



Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

Reg. No. 1,262,118

## United States Patent and Trademark Office

Registered Dec. 27, 1983

## TRADEMARK
### Principal Register



Eagle One Industries (partnership)
1591 Sunland La.
Costa Mesa, Calif. 92626

For: AUTOMOBILE CLEANERS AND POLISHES—NAMELY, WHEEL CLEANERS, PLASTIC POLISHES, TIRE DRESSINGS AND INTERIOR CLEANERS, in CLASS 3 (U.S. Cls. 4 and 52).

First use Jul. 25, 1978; in commerce Jul. 25, 1978.

Ser. No. 190,991, filed Oct. 26, 1978.

B. C. WASHINGTON, Examining Attorney

Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

**United States Patent and Trademark Office**

Reg. No. 1,466,117
Registered Nov. 24, 1987

## TRADEMARK
### PRINCIPAL REGISTER



EGL 1, INC. (CALIFORNIA CORPORATION)
15 CHRYSLER
IRVINE, CA 92714

FOR: AUTOMOBILE CLEANERS AND PO-
LISHES · NAMELY, WHEEL CLEANERS,
PLASTIC POLISHES, TIRE DRESSINGS AND
INTERIOR CLEANERS, IN CLASS 3 (U.S. CLS.
4 AND 52).

FIRST USE 7-0-1978; IN COMMERCE
7-0-1978.
OWNER OF U.S. REG. NOS. 1,130,649, 1,262,118
AND OTHERS.

SER. NO. 654,165, FILED 4-9-1987.

HELEN ROBERTS WENDEL, EXAMINING AT-
TORNEY

Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

# United States Patent and Trademark Office

Reg. No. 1,467,894
Registered Dec. 8, 1987

## TRADEMARK
### PRINCIPAL REGISTER

# EAGLE ONE

EGL 1. INC. (CALIFORNIA CORPORATION)
15 CHRYSLER
IRVINE, CA 92714

FOR: AUTOMOBILE CLEANERS AND PO-
LISHES - NAMELY. WHEEL CLEANERS,
PLASTIC POLISHES, TIRE DRESSINGS AND
INTERIOR CLEANERS, IN CLASS 3 (U.S. CLS.
4 AND 52).

FIRST USE 7-0-1978; IN COMMERCE
7-0-1978.
OWNER OF U.S. REG. NOS. 1.130,649, 1,262,118
AND OTHERS.

SER. NO. 653,295, FILED 4-6-1987.

HELEN ROBERTS WENDEL, EXAMINING AT-
TORNEY

Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

**United States Patent and Trademark Office**

Reg. No. 1,630,554

Registered Jan. 8, 1991

# TRADEMARK
## PRINCIPAL REGISTER

# EAGLE 1

EGL 1, INC. (CALIFORNIA CORPORATION),
   DBA EAGLE ONE INDUSTRIES
15 CHRYSLER
IRVINE, CA 92718

FOR: AUTOMOBILE WHEEL CLEANERS, NAMELY - MAGNESIUM AND SPECIAL FINISH CLEANERS, MOTORCYCLE WHEEL AND ENGINE CLEANERS, MAGNESIUM AND CHROME LIQUID AND CREAM POLISHES, WIRE HUB CAP AND KITS CONSISTING PRIMARILY OF CLEANING PREPARATIONS FOR CLEANING AUTOMOBILE WHEELS, WHEEL COVER AND WHITE WALL CLEANING SOLUTIONS, ALUMINUM WHEEL WASH AND BRIGHTENERS, TIRE CLEANERS, DRESSINGS AND PROTECTANTS AND ALUMINUM AND CHROME CORROSION PROTECTIVE SOLUTIONS; AUTOMOBILE FINISH CLEANERS, INCLUDING WASHING SOLUTIONS AND WAX CONDITIONERS, CARNAUBA SPRAYS,

LIQUIDS AND PASTE WAXES AND CLEANERS, PRE-WAX CLEANERS AND CONDITIONERS AND SEALERS AND SCRATCH REMOVER SOLUTIONS AND DETAIL SOLUTIONS; AND UPHOLSTERY AND INTERIOR CLEANERS, INCLUDING SPOT REMOVERS, VELOUR AND FABRIC GUARDS, CLEANING SOLUTIONS, CREME LEATHER SOLUTIONS, PLASTIC POLISHES, ANTI-FOG SOLUTIONS AND GLASS CLEANERS, AND MINI FOG SPONGES, IN CLASS 3 (U.S. CLS. 4 AND 52).

FIRST USE 0-0-1978; IN COMMERCE 0-0-1978.

OWNER OF U.S. REG. NOS. 1,130,649, 1,411,953 AND OTHERS.

SER. NO. 74-025,884, FILED 2-5-1990.

MARIE-ANNE MASTROVITO, EXAMINING ATTORNEY

Int. Cl.: 3



Prior U.S. Cls.: 4 and 52

Reg. No. 1,634,615

# United States Patent and Trademark Office

Registered Feb. 12, 1991

## TRADEMARK
### PRINCIPAL REGISTER



EGL 1. INC. (CALIFORNIA CORPORATION),
  DBA EAGLE ONE INDUSTRIES
SUITE 210
2386 FARADAY AVE.
CARLSBAD, CA 92009

FOR: AUTOMOBILE WHEEL CLEANERS, NAMELY · MAGNESIUM AND SPECIAL FINISH CLEANERS, MOTORCYCLE WHEEL AND ENGINE CLEANERS, MAGNESIUM AND CHROME LIQUID AND CREAM POLISHES, WIRE HUB CAP AND KITS CONSISTING PRIMARILY OF CLEANING PREPARATIONS FOR CLEANING AUTOMOBILE WHEELS, WHEEL COVER AND WHITE WALL CLEANING SOLUTIONS, ALUMINUM WHEEL WASH AND BRIGHTENERS, TIRE CLEANERS, DRESSINGS AND PROTECTANTS AND ALUMINUM AND CHROME CORROSION PROTECTIVE SOLUTIONS; AUTOMOBILE FINISH CLEANERS, INCLUDING WASHING SOLUTIONS AND WAX CONDITIONERS, CARNAUBA SPRAYS, LIQUIDS AND PASTE WAXES AND CLEANERS, PRE-WAX CLEANERS AND CONDITIONERS AND SEALERS AND SCRATCH REMOVER SOLUTIONS AND DETAIL SOLUTIONS; AND UPHOLSTERY AND INTERIOR CLEANERS, INCLUDING SPOT REMOVERS, VELOUR

Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

**United States Patent and Trademark Office**

Reg. No. 1,638,087
Registered Mar. 19, 1991

## TRADEMARK
### PRINCIPAL REGISTER



EGL 1, INC. (CALIFORNIA CORPORATION),
DBA EAGLE ONE INDUSTRIES
SUITE 210
2386 FARADAY AVENUE
CARLSBAD, CA 92009

FOR: AUTOMOBILE WHEEL CLEANERS, NAMELY · MAGNESIUM AND SPECIAL FINISH CLEANERS, MOTORCYCLE WHEEL AND ENGINE CLEANERS, MAGNESIUM AND CHROME LIQUID AND CREAM POLISHES, WIRE HUB CAP AND KITS CONSISTING PRIMARILY OF CLEANING PREPARATIONS FOR CLEANING AUTOMOBILE WHEELS, WHEEL COVER AND WHITE WALL CLEANING SOLUTIONS, ALUMINUM WHEEL WASH AND BRIGHTENERS, TIRE CLEANERS, DRESSINGS AND PROTECTANTS AND ALUMINUM AND CHROME CORROSION PROTECTIVE SOLUTIONS; AUTOMOBILE FINISH CLEANERS, INCLUDING WASHING SOLUTIONS AND WAX CONDITIONERS, CARNAUBA SPRAYS, LIQUIDS AND PASTE WAXES AND CLEANERS, PRE-WAX CLEANERS AND CONDITIONERS AND SEALERS AND SCRATCH REMOVER SOLUTIONS AND DETAIL SOLUTIONS; AND UPHOLSTERY AND INTERIOR CLEANERS, INCLUDING SPOT REMOVERS, VELOUR AND FABRIC GUARDS, CLEANING SOLUTIONS, CREME LEATHER SOLUTIONS, PLASTIC POLISHES, ANTI-FOG SOLUTIONS AND GLASS CLEANERS, IN CLASS 3 (U.S. CLS. 4 AND 52).

FIRST USE 0–0–1978; IN COMMERCE 0–0–1978.

OWNER OF U.S. REG. NOS. 1,411,953, 1,467,894 AND OTHERS.

SER. NO. 74–030,167, FILED 2–20–1990.

MARIE-ANNE MASTROVITO, EXAMINING ATTORNEY

Int. Cl.: 3

Prior U.S. Cls.: 4 and 52

**United States Patent and Trademark Office**

Reg. No. 1,638,817
Registered Mar. 26, 1991

## TRADEMARK
### PRINCIPAL REGISTER

# EAGLE ONE

EGL 1. INC. (CALIFORNIA CORPORATION), DBA EAGLE ONE INDUSTRIES
SUITE 210
2386 FARADAY AVENUE
CARLSBAD, CA 92009

FOR: AUTOMOBILE WHEEL CLEANERS, NAMELY · MAGNESIUM AND SPECIAL FINISH CLEANERS, MOTORCYCLE WHEEL AND ENGINE CLEANERS, MAGNESIUM AND CHROME LIQUID AND CREAM POLISHES, WIRE HUB CAP AND KITS CONSISTING PRIMARILY OF CLEANING PREPARATIONS FOR CLEANING AUTOMOBLIE WHEELS, WHEEL COVER AND WHITE WALL CLEANING SOLUTIONS, ALUMINUM WHEEL WASH AND BRIGHTENERS, TIRE CLEANERS, DRESSINGS AND PROTECTANTS AND ALUMINUM AND CHROME CORROSION PROTECTIVE SOLUTIONS; AUTOBOBILE FINISH CLEANERS, INCLUDING WASHING SOLUTIONS AND WAX CONDITIONERS, CARNAUBA SPRAYS, LIQUIDS AND PASTE WAXES AND CLEANERS, PRE-WAX CLEANERS AND CONDITIONERS AND SEALERS AND SCRATCH REMOVER SOLUTIONS AND DETAIL SOLUTIONS; AND UPHOLSTERY AND INTERIOR CLEANERS, INCLUDING SPOT REMOVERS, VELOUR AND FABRIC GUARDS, CLEANING SOLUTIONS, CREME LEATHER SOLUTIONS, PLASTIC POLISHES, ANTI-FOG SOLUTIONS AND GLASS CLEANERS, IN CLASS 3 (U.S. CLS. 4 AND 52).

FIRST USE 0-0-1978; IN COMMERCE 0-0-1978.

OWNER OF U.S. REG. NOS. 1,411,953, 1,467,894 AND OTHERS.

SER. NO. 74-025,882, FILED 2-5-1990.

MARIE-ANNE MASTROVITO, EXAMINING ATTORNEY



Int. Cl.: 16

Prior U.S. Cl.: 38

## United States Patent and Trademark Office

Reg. No. 1,649,449
Registered July 2, 1991

## TRADEMARK
### PRINCIPAL REGISTER

# EAGLE ONE

EGL 1, INC. (CALIFORNIA CORPORATION),
  DBA EAGLE ONE INDUSTRIES
SUITE 210
2386 FARADAY AVENUE
CARLSBAD, CA 92009

  FOR: BOOKLETS RELATING TO AUTOMO-
TIVE CARE AND DETAILING, IN CLASS 16
(U.S. CL. 38).

FIRST USE 0-0-1978; IN COMMERCE
0-0-1978.
  OWNER OF U.S. REG. NOS. 1,466,117, 1,467,894
AND OTHERS.

  SER. NO. 74-025,881. FILED 2-5-1990.

PAUL E. FAHRENKOPF, EXAMINING ATTOR-
NEY

Int. Cl.: 3

Prior U.S. Cl.: 51

Reg. No. 1,670,945

## United States Patent and Trademark Office

Registered Jan. 7, 1992

### TRADEMARK
### PRINCIPAL REGISTER



EGL 1, INC. (CALIFORNIA CORPORATION), DBA EAGLE ONE INDUSTRIES
2386 FARADAY AVENUE, SUITE 210
CARLSBAD, CA 92008

FOR: AUTOMOBILE WHEEL CARE PRODUCTS, NAMELY, TIRE CLEANER, MAG CLEANER, ALL FINISH WHEEL CLEANER, WIRE AND CHROME WHEEL CLEANER, TIRE DRESSING AND PROTECTANT, AND ALUMINUM WASH AND BRIGHTENER, IN CLASS 3 (U.S. CL. 51).

FIRST USE 3-19-1990; IN COMMERCE 3-21-1990.

OWNER OF U.S. REG. NOS. 1,630,554, 1,638,817 AND OTHERS.

SER. NO. 74-130,364, FILED 1-14-1991.

TERESA M. RUPP, EXAMINING ATTORNEY



Reg. No. 1,724,9
United States Patent and Trademark Office   Registered Oct. 20, 1

Int. Cl.: 3

Prior U.S. Cl.: 52                                    Reg. No. 1,724,919

United States Patent and Trademark Office   Registered Oct. 20, 1992

Amended                                               OG Date Oct. 28, 1997

**TRADEMARK**
**PRINCIPAL REGISTER**



EGL I, INC. (CALIFORNIA CORPORA-
TION), DBA ENGLE ONE INDUS-
TRIES.
5927 LANDAU COURT
CARLSBAD, CA 92008

OWNER OF U.S. REG. NOS. 1,130,649,
1,649,449 AND OTHERS.

FOR: AUTOMOBILE CLEANERS;
NAMELY, AUTOMOBILE PAINT,
CHROME AND GLASS CLEANERS
AND POLISHES, IN CLASS 3 (U.S. CL.
52).
FIRST USE 11-1-1990; IN COMMERCE
11-1-1990.

SER. NO. 74-224,266, FILED 11-22-1991.

IN   COMMERC

1,130,649, 1,649,4

11 22 1991.

MINING ATTOF



*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Oct. 28, 1997.*

Bruce Lehman

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

## United States Patent and Trademark Office

Reg. No. 1,951,966
Registered Jan. 23, 1996

## TRADEMARK
### PRINCIPAL REGISTER

## EAGLE ONE WET

EGL 1, INC. (CALIFORNIA CORPORATION),
   DBA EAGLE ONE INDUSTRIES,
5927 LANDAU COURT
CARLSBAD, CA 92008

FOR: AUTOMOTIVE POLISHES AND WAX
PRODUCTS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 12-27-1994; IN COMMERCE
12-29-1994.
   OWNER OF U.S. REG. NOS. 1,130,649,
1,724,919, AND OTHERS.

SN 74-555,610, FILED 8-1-1994.

PRISCILLA MILTON, EXAMINING ATTOR-
NEY

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 1,957,582
Registered Feb. 20, 1996

## TRADEMARK
### PRINCIPAL REGISTER



EGL. 1, INC. (CALIFORNIA CORPORATION),
 DBA EAGLE ONE INDUSTRIES
5927 LANDAU COURT
CARLSBAD, CA 92008

FOR: AUTOMOBILE POLISHES AND AUTO-
MOBILE WAX STRIPING PREPARATIONS, IN
CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).
 FIRST USE 10-0-1994; IN COMMERCE
10-0-1994.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "WET LOOK CAR POLISH",
APART FROM THE MARK AS SHOWN.

 THE LINING IN THE DRAWING IS NOT IN-
TENDED TO INDICATE COLOR.

 SER. NO. 74-625,922, FILED 1-26-1995.

PAULA MAYS, EXAMINING ATTORNEY

Int. Cl.: 7

Prior U.S. Cls.: 13, 19, 21, 23, 31, 34, and 35

## United States Patent and Trademark Office

Reg. No. 1,981,471
Registered June 18, 1996

## TRADEMARK
## PRINCIPAL REGISTER

# EAGLE ONE

EGL 1, INC. (CALIFORNIA CORPORATION),
   DBA EAGLE ONE INDUSTRIES.
5927 LANDAU COURT
CARLSBAD, CA 92008

FOR: WAXING AND POLISHING MA-
CHINES FOR AUTOMOTIVE AND MARINE
USE, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34
AND 35).

FIRST USE 11-30-1994; IN COMMERCE
11-30-1994.
   OWNER OF U.S. REG. NOS. 1,130,649,
1,724,919, AND OTHERS.

SN 74-492,719, FILED 2-22-1994.

AMOS T. MATTHEWS, JR., EXAMINING AT-
TORNEY

The Internet Source for Automobile Care — Choose a path below and: Get tips from the experts

Detailing Guide          Car Care Kit
Expert Tips             Product Catalog
Gift Guide              Dealer Locator
Maintenance Guide       User Community

HELP | CART | SHOP | ABOUT US | HOME | SITE MAP

EAGLE ONE

Click Here

# DETAILING GUIDE

BIG RIG



GO          GO          GO

You care about your vehicle. You want it to last and look good. Whether you're an enthusiast who demands Concours d'Elegance appearance, or someone who simply wants to protect an investment, Eagle One® has the top quality cleaning, waxing and finishing products you need for your car, truck or motorcycle.

Let us build you a free, personalized detailing guide. To make certain your guide is right for you, we'll need to know a little about your vehicle. Just answer the following brief questions and you'll be on your way...



With 30 years in the car care business, we've learned just about everything there is to know about detailing your car. Our *Expert Tips* section is designed to give that knowledge to you, customized for your particular vehicle and detailing needs. Just select the area you'd like to learn about on your right. If you want to learn about other areas, come back after you're done and select again - we'll remember who you are!

# EXPERT TIPS







Give the gift of Eagle One quality. The following pages will help you build perfect gift packages for fellow car-care enthusiasts. We'll start by offering some general recommendations, and after you answer a few questions, we'll fine-tune your gift list to reflect your input. To make things easier, we've divided Eagle One products into three categories—interior, exterior and wheels & tires.



This maintenance guide has been designed to make the job of caring for your car as easy as possible. Let us know what type of a maintenance schedule you'd like to build and what areas of your car you'd like to care for on a regular basis, and we'll make sure you receive updates that keep you on track.



Maintaining your vehicle can be a big job whether you clean your car every week, or every few months.

MAINTENANCE GUIDE

GO





The following pages will help you assemble a customized kit of detailing products to suit your vehicle and your preferences. To simplify the kit design process we have split the products into three categories—interior, exterior, and wheels & tires. For motorcycles, the interior section refers to products for your seat, saddlebags, and windscreen/faring.



Case 3:99-cv-00788-JM-LSP   Document 1   Filed 04/16/99   Page 52 of 64

The Internet Source for Automobile Care    ↗ Choose a path below and: Get tips from the experts

- Detailing Guide          — Car Care Kit
- Expert Tips              — Product Catalog
- Gift Guide               — Dealer Locator
- Maintenance Guide        — User Community

HELP | CART | SHOP | ABOUT US | HOME | SITE MAP

EAGLE ONE

Click Here



# DEALER | LOCATOR

- Africa
- Asia / Pacific
- Europe
- Middle East
- North America
- South America







The web is an excellent resource for automobile enthusiasts - the amount of information available is mind-boggling. We've compiled a list of assorted links to help you get started finding the information you need. If you're looking for a specific manufacturer, we've included those links here as well. Finally, be sure to check out some of our customers' vehicles in the User Showcase.

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1032 |
| CONNECTION TEL | 18013667706 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 04/08 15:48 |
| USAGE T | 02'15 |
| PGS. | 4 |
| RESULT | OK |

RICHARD A. BARDIN
GILBERT C. KOVELMAN
VERN SCHOOLEY
JAMES W. PAUL
JOHN S. NAGY
CRAIG B. BAILEY
STEPHEN J. STRAUSS
THOMAS H. MAJCHER
THOMAS A. RUNK
MICHAEL S. ELKINS
GARY M. ANDERSON
RONALD E. PEREZ
DAVID G. PARKHURST
GUNTHER O. HANKE
ROBERT L. KOVELMAN
PAMELA G. MAHER
JOHN V. HANLEY
JOHN K. FITZGERALD
JAMES JUO
RUSSELL C. PANGBORN
RICHARD B. CATES
PAUL T. FENG
JO ANNE M. YBABEN
MURIEL C. MARITCHABALCT
DAVID J. PITMAN
SUSAN L. POLLYEA
ROBERT POPA
DAVID S. SARISKY
MICHAEL S. DOLL
PAUL D. O'BRIEN
BRYCE D. DEARY
MICHAEL B. AYERS
DAVID B. SANDELANDS

**FULWIDER PATTON LEE & UTECHT, LLP**

ATTORNEYS AT LAW

200 OCEANGATE

SUITE 1550

P.O. BOX 22615

LONG BEACH, CALIFORNIA 90801-5615

(562) 432-0453

FAX: (562) 435-6014

April 8, 1999

PATENT, TRADEMARK,
COPYRIGHT AND
TECHNOLOGY MATTERS

INTERNET:
fulwiderlb@fulpat.com

LOS ANGELES OFFICE
CENTER WEST
10877 WILSHIRE BLVD,
TENTH FLOOR
LOS ANGELES, CA 90024
fulwider@fulpat.com
(310) 824-5555
FAX (310) 824-9696

OF COUNSEL
LONG BEACH OFFICE
FRANCIS A. UTECHT

OF COUNSEL
LOS ANGELES OFFICE
I. MORLEY DRUCKER
HOWARD N. SOMMERS
ELLSWORTH R. ROSTON

ROBERT W. FULWIDER
(1903-1979)
WARREN L. PATTON
(1912-1985)
JOHN M. LEE
(1921-1978)

Writer's E-mail
rpangborn@fulpat.com

Gregory D. Phillips, Esq.          <u>LETTER ONLY VIA FACSIMILE: 801-366-7706</u>
Howard, Phillips & Andersen                <u>ORIGINAL WITH ENCLOSURES</u>
560 East 200 South, Suite 230                      <u>VIA FIRST CLASS MAIL</u>
Salt Lake City, Utah 84102

      Re:    Allegations of Infringement by Porsche
             Against Eagle One Industries
             <u>Our Docket No. EAGLE.50227</u>

Dear Mr. Phillips:

      We have now had a chance to review the allegations you raised in your letter dated March 12, 1999, as well as review the case law referenced therein.  While Eagle One Industries ("Eagle One") respects the rights of Porsche and its concerns as to improper use of its valuable trademarks, Eagle One respectfully disagrees with the allegations raised in your noted letter.  Please note, however, that Eagle One wishes to reach a mutually agreeable resolution in this matter.

      There has been some apparent lack of communication among people at Porsche Cars North America, Porsche A.G., and Dr. Ing (hereinafter collectively "Porsche").  By way of

LAW OFFICES

# HOWARD, PHILLIPS & ANDERSEN

*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: GDP@HPALAW.COM

**560 East 200 South, Suite 230**
**Salt Lake City, UT 84102**
April 12, 1999

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

**VIA FACSIMILE (No. 562-432-0453)**
**AND REGULAR MAIL**

Russell C. Pangborn, Esq.
Fulwider Patton Lee & Utecht, LLP
200 Oceangate, Suite 1550
P.O. Box 22615
Long Beach, CA 90801-5615

     Re:    Infringement and Dilution of Porsche Trademarks, Service Marks, and Trade Dress

Dear Mr. Pangborn:

     Porsche and I have carefully reviewed your letter of April 8, 1999. We have contacted Mr. Ewoniak who informs us that at no time did he authorize Eagle One to use Porsche's trademarks and trade dress on any packaging. We also have contacted Scott Clark, Esq., former General Counsel of Porsche Cars North America, who would have given such authorization, and he cannot ever recall of hearing of Eagle One. He definitely recalls that he did not give any such authorization. Please forward to me immediately any documents whereby Eagle One contends that Porsche authorized Eagle One to use Porsche's trademarks and trade dress. I note that your letter of April 8, 1999 references no such documents and references no documents whereby Eagle One even asked for authorization to use such trademarks or trade dress. Porsche has reviewed its files and has discovered no such documentation and no documentation relating in any way to Eagle One. Moreover, any claim that Porsche would agree to such use or not object to such use makes no sense given that Porsche sells its own brand of car-care products. Why would Porsche allow its trade dress to be used to promote a competing product?

     As stated in my e-mail of April 8, 1999, the first time that Porsche was aware that Eagle One was using Porsche's trademarks and trade dress was when it received Mr. Dillon's February 9, 1999 letter. Moreover, the February 9, 1999 letter is an admission by Eagle One that Porsche's authorization is necessary in order for Eagle One to use Porsche's trade dress. Your argument that Porsche was aware of Eagle One's use of the trademark because Porsche dealerships may have sold the product is also unavailing. Porsche dealerships have no authority to grant any authorization to use Porsche trademarks and trade dress. Moreover, the fact that these dealerships may have been visited by Porsche dealer representatives in no way can be construed that Porsche authorized Eagle One to use the trade dress. I assume that Eagle One will also argue that Porsche authorized Eagle

Russell C. Pangborn, Esq.
April 12, 1999
Page 2

One to use the trade dress on its web site on the Internet because Porsche never objected to such use and must have known that Eagle One was making such use. Moreover, rest assured that Porsche would have immediately objected to any use of its trade dress on a product that competes with Porsche's own car-care products. Porsche simply had no knowledge of such use until Mr. Dillon's letter.

Your argument that the Porsche automobile depicted on the packaging was owned by Mr. Li is irrelevant. The same argument was made to and rejected by the Court in Liquid Glass at p. 402 ("Liquid Glass asserts a fair use defense, arguing that the President of Liquid Glass has a right to use his privately owned Porsche to advertise his company's car polish. Liquid Glass is wrong.")

Your argument that the packaging does not depict a Porsche trademark also is irrelevant. As you well know, trade dress is the equivalent of a trademark and use of trade dress constitutes trademark dilution and infringement just as use of a trademark does. The law is well settled that "'trade dress' in the more modern sense [may] refer to the appearance of the [product] itself." American Greetings Corp. v. Dan-Dee Imports, Inc., 807 F.2d 1136, 1140 (3d Cir. 1986). Accord Pebble Beach Co. v. Tour 18 I, Ltd., 942 F.Supp. 1513, 1554-55 (S.D. Tex. 1996) ("the design or appearance of a product itself may function as its packaging or trade dress and enjoy protection under the Lanham Act")(citing Duraco Products Inc. v. Joy Plastic Enterprises, Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994). "Attempts to incorporate protection for a product's overall design or appearance into Sec. 43(a) have come under a variety of guises." American Greetings, 807 F.2d at fn. 2. Thus, courts have protected the unregistered trade dress of the uniform of the Dallas Cowboys cheerleaders, Dallas Cowboys Cheerleaders v. Pussycat Cinema, 604 F.2d 200, 204 (2d Cir. 1979), the design and appearance of the Harbour Town lighthouse, Pebble Beach, 942 F.Supp. at 1555-59, the Cat in the Hat's stove-pipe hat, Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1396 (9th Cir. 1997), and the "trade dress" of the University of Georgia Bulldog. University of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535, 1541 (11th Cir. 1985).

Indeed the Southern District of New York recently held that "'Trade dress' is a form of mark protectable under Sec. 43(a)(1). The 'trade dress' of a product is essentially its total image and overall appearance." Philip Morris Inc. v. Star Tobacco Corp., 879 F.Supp. 379, 383 (S.D.N.Y. 1995). The court further noted that "Trade dress, like a trademark, 'is a merchandising shortcut which induces a purchaser to select what he has been led to believe he wants.' To that end, the trademark and (trade dress owner) makes 'every effort to impregnate the atmosphere of the market with the drawing power of a congenial symbol.' If he succeeds, the trademark or trade dress owner

( sp)

Russell C. Pangborn, Esq.
April 12, 1999
Page 3


'has something of value'; and if 'another poaches upon the commercial magnetism of the symbol he has created, the owner can obtain legal redress.'" 879 F.Supp. at 384.

Your reference to the **Manny's Porshop** and **Universal Brass** misconstrues the purpose for which these cases were cited. The only reason those cases were cited was to demonstrate that Porsche takes policing of its trademarks seriously and will litigate the issue when Porsche becomes aware of infringers and diluters.

Your attempt to distinguish the **Liquid Glass** decision is also unavailing. As with the above-referenced cases relating to trade dress, **Liquid Glass** makes clear that Porsche has protectable rights in the distinctive shapes of its world famous automobiles. Use of such trade dress subjects one to liability under the Lanham Act. I note that you cite no authority to the contrary.

Your claim of actual confusion is also disingenuous particularly with Porsche's dilution claim. As you well know, a claim of trade dress dilution requires no such evidence. As Judge Barry made clear in the **Liquid Glass** decision, "consumer confusion is irrelevant in establishing a dilution claim. *See* 15 U.S.C. § 1127." **Liquid Glass** at fn. 5. As Judge Barry further made clear, "Eagle One's unauthorized use of the Porsche marks inhibits Porsche's ability to control which products its reputation and good will are being used to promote or endorse. This lack of control and potential damage to Porsche's reputation constitutes irreparable injury because monetary damages cannot adequately compensate for harm to good will or reputation." 8 F.Supp.2d at 406.

Undoubtedly, Eagle One used and uses the Porsche trade dress is in order "to usurp Porsche's reputation and strength and persuade consumers that [Eagle One] produces high quality products. Stated somewhat differently, [Eagle One] wanted to cash in on the good will that Porsche has worked hard to create and maintain by aligning itself with Porsche." 8 F.Supp. at 402.

With respect to Eagle One's use of the Porsche trade dress on its web site, Porsche appreciates that the Porsche automobile has been removed. Porsche views such use, however, as further evidence that Eagle One engages in unauthorized infringement and dilution without obtaining appropriate licenses, and an admission that the use of a Porsche automobile constitutes trade dress infringement and dilution.

Throughout your letter you repeatedly state that Eagle One is willing to resolve this matter amicably. You also request a sell down period. In order to resolve this matter amicably, Eagle One will need to agree immediately to pay Porsche a reasonable royalty (25%) on all past sales and on

Russell C. Pangborn, Esq.
April 12, 1999
Page 4


all sales during the sell down period. Porsche believes that a sell down period of one year is much too long and that a sell down period of six months or shorter is appropriate assuming that reasonable damages have been paid.

In order to resolve this matter along the lines set forth above, Porsche will need sworn and verified statements demonstrating the amount of product that has been sold, the revenues generated from such sales, and the amount of product that remains in inventory. Please provide that information as soon as possible. Porsche previously requested that Eagle One provide the following information:

1)      The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

2)      The gross revenue received from the sale of such products set forth by product or item;

3)      The time period during which such products have been offered and sold; and

4)      The names and addresses of all non-retail purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

To this itemized list, please add the amount of product in inventory for which Eagle One is requesting a sell down.

Porsche would like to have an agreement resolving this matter entered into by this Friday, April 16, 1999. Please let me know as soon as possible whether Eagle One is willing to resolve this matter as outlined above and by agreeing not to use the Porsche trademarks and trade dress in the future, and I will begin preparation of Porsche's standard settlement agreement. Otherwise, Porsche will have no choice but to initiate litigation immediately, and seek a preliminary and permanent injunction, and damages.

Eagle One may be otherwise infringing or diluting Porsche's trademarks or trade dress in ways other than those set forth above. The list set forth above is not intended to be comprehensive, and Porsche reserves the right to bring to your attention other matters that Porsche believes infringe or dilute its trademarks and trade dress, or constitute false advertisement.


(jp)

Russell C. Pangborn, Esq.
April 12, 1999
Page 5


This letter is without prejudice to all rights of Porsche, including past or future royalties, past or future damages, attorneys' fees, and to bring enforcement actions for all past or future infringement, dilution, unauthorized uses, or false advertisement.

Should you have any questions concerning Porsche's position in this matter, please do not hesitate to contact me.

Very truly yours,

Gregory D. Phillips

GDP
cc:    Patricia R. Britton, Esq.

(gp)

AO 120 (3/85)

| TO:<br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
| --- | --- |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>99cv788 JM(LSP) | DATE FILED<br>4/16/99 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
| --- | --- | --- |
| PLAINTIFF<br>EGL 1 Inc, | | DEFENDANT<br>Porsche Cars North America, Inc, et. Al., |

| PATENT NO. | DATE OF PATENT | PATENTEE |
| --- | --- | --- |
| 1  1,951,966 | Not Provided | Not Provided |
| 2  1,957,582 | Not Provided | Not Provided |
| 3  1,630,554 | Not Provided | Not Provided |
| 4  1.638,817 | Not Provided | Not Provided |
| 5  1,724,919 | Not Provided | Not Provided |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
| --- | --- | --- |
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
| --- | --- | --- |
| | | |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br><br>99cv788 JM(LSP) | DATE FILED<br><br>4/16/99 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>EGL 1 Inc, | | DEFENDANT<br><br>Porsche Cars North America, Inc, et. Al., |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1  1,951,966 | Not Provided | Not Provided |
| 2  1,957,582 | Not Provided | Not Provided |
| 3  1,630,554 | Not Provided | Not Provided |
| 4  1.638,817 | Not Provided | Not Provided |
| 5  1,724,919 | Not Provided | Not Provided |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
|  |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
|  |  |  |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner  Copy 4 - Case file copy

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
| --- | --- |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br><br>99cv788 JM(LSP) | DATE FILED<br><br>4/16/99 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
| --- | --- | --- |
| PLAINTIFF<br><br>EGL 1 Inc, | | DEFENDANT<br><br>Porsche Cars North America, Inc, et. Al., |

| PATENT NO. | DATE OF PATENT | PATENTEE |
| --- | --- | --- |
| 1  1,951,966 | Not Provided | Not Provided |
| 2  1,957,582 | Not Provided | Not Provided |
| 3  1,630,554 | Not Provided | Not Provided |
| 4  1.638,817 | Not Provided | Not Provided |
| 5  1,724,919 | Not Provided | Not Provided |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
| --- | --- | --- | --- |
| PATENT NO. | DATE OF PATENT | PATENTEE | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT | | |
| --- | --- | --- |
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner   Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 - Case file copy

JS 44
(Rev. 11/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

EGL 1, INC. D.B.A. EAGLE ONE INDUSTRIES, a California corporation

## DEFENDANTS

PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING h.c.F. PORSCHE AG, a German corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Fulton, Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

'99CV 0788 JM LSP

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULWIDER, PATTON, LEE & UTECHT, LLP
200 Oceangate, Suite 1550
Long Beach, California 90802
Telephone: (562) 432-0453

ATTORNEYS (IF KNOWN)
Howard, Phillips & Anderson
560 East 200 South, Suite 230
Salt Lake City, Utah 84102
Telephone: (801) 366-7471

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☒ 840 Trademark | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. section 1125: declaratory judgment of non-infringement of trademark and no dilution of trademark.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
April 16, 1999

SIGNATURE OF ATTORNEY OF RECORD
Brian D. Martin

FOR OFFICE USE ONLY

RECEIPT # 48775   AMOUNT 150.00   APPLYING IPP ___   JUDGE ___   MAG. JUDGE ___