USDC SCAN INDEX SHEET

















LLS   4/23/99   9:22

3:99-CV-00788   EGL 1 INC V. PORSCHE CARS NORTH

*6*

*CNTCLM.*

Lawrence J. Kouns, State Bar No. 095417
Julie A. Vogelzang, State Bar No. 174411
Luce, Forward, Hamilton & Scripps LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3391
Telephone: (619) 236-1414
Facsimile: (619) 232-8311

Gregory D. Phillips, Utah State Bar No. 4645
Howard, Phillips & Anderson
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102
Telephone: (801) 366-7471
Facsimile: (801) 366-7706

Attorneys for Defendants and Counter Claimants
PORSCHE CARS NORTH AMERICA, INC. and PORSCHE AG

FILED

APR 2 2 1999

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.
BY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGL 1, INC. D.B.A. EAGLE ONE ENTERPRISES, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING h.c.F. PORSCHE AG, a German corporation, <br><br> Defendants. <br><br> PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING h.c.F. PORSCHE AG, a German corporation, <br><br> Counter Plaintiffs, <br><br> v. <br><br> EGL 1, INC. D.B.A. EAGLE ONE ENTERPRISES, a California corporation, <br><br> Counter Defendant. | Case No.: 99 CV 0788 JM (LSP) <br><br> **VERIFIED COUNTERCLAIM FOR TRADEMARK DILUTION AND INFRINGEMENT** <br><br> 1.    Violation of Lanham Act § 1125(c); <br> 2.    Violation of Lanham Act § 1114(1); <br> 3.    Violation of Lanham Act § 1125(a); and <br> 4.    Common Law Trademark Infringement. |

6

ORIGINAL    99CV0788

Defendants and Counterclaim Plaintiffs Porsche Cars North America, Inc. ("Porsche Cars N.A.") and Dr. Ing. h.c.F. Porsche AG ("Porsche AG") (sometimes collectively "Porsche") counterclaim against Plaintiff and Counterclaim Defendant EGL 1 dba Eagle One Industries ("Eagle One"), and allege as follows:

<div align="center">SUBSTANCE OF THE ACTION</div>

1. This is a counterclaim for dilution and infringement of Porsche AG's world famous trademark and trade dress rights in the inherently distinctive shape of Porsche's world famous automobiles and the world famous Porsche Crest®, and for related claims based on Eagle One's promotion, advertisement, and sale of car care products using the world famous trademarks and trade dress of Porsche AG and/or counterfeits of the trademarks and trade dress of Porsche AG. Eagle One wrongfully uses photographs and depictions of Porsche's inherently distinctive and world famous automobiles and the world famous Porsche Crest® on the packaging for its car care products and on its Internet web site at www.eagleone.com. Porsche alleges claims for federal trademark and trade dress dilution, federal trademark infringement, false designation of origin or sponsorship, false advertising, and trade dress infringement under Sections 43(c), 32(1), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1125(c), 1114(1) and 1125(a), and trademark infringement under common law. Porsche seeks a preliminary and permanent injunction preventing Eagle One from using the Porsche trademarks, service marks, and trade dress, and counterfeits thereof, and an order permitting seizure of the counterfeit and infringing advertisements and products and the means for producing them, damages, treble damages, as well as Porsche's attorneys' fees and costs.

2. Porsche takes policing and enforcement of its trademark and trade dress rights seriously. During the past several years, Porsche has successfully obtained preliminary and permanent injunctions against numerous trademark infringers, and has resolved many other matters short of litigation. See e.g., Liquid Glass Enterprises v. Dr. Ing. h.c.F. Porsche AG, 8 F.Supp.2d 398 (D.N.J. 1998); Porsche Cars North America v. Manny's Porshop, 972 F.Supp. 1128 (N.D.Ill. 1997); Dr. Ing h.c.F. Porsche AG v. Universal Brass, Inc., 34 U.S.P.Q.2d 1593 (W.D.Wa. 1995).

///

<div align="center">2</div>

## THE PARTIES

3.    Porsche Cars N.A. is a Delaware corporation with its principal place of business at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328. Porsche Cars N.A. is the U.S. licensee for Porsche AG with exclusive authority to import Porsche motor vehicles, parts, accessories, and related products (such as sportswear, writing instruments, sunglasses, leather goods, jewelry, porcelain, towels, books etc.) into the United States. (The motor vehicles, parts, accessories, and related products are referred to hereinafter as "Porsche Products.") Porsche Cars N.A. sells Porsche Products throughout the United States. Porsche Cars N.A. was incorporated in 1984, and has operated as Porsche AG's U.S. distributor since that time. Porsche Cars N.A. serves the sales and service needs of retail consumers through a franchised dealer body of approximately 200 independent, authorized Porsche dealerships. Porsche Cars N.A. and its Porsche dealers/franchisees are the only authorized providers of Porsche Products, vehicles, and vehicle maintenance services under the Porsche name, trademarks, and trade dress.

4.    Porsche AG is an entity existing under the laws of the Federal Republic of Germany and has its principal place of business in Stuttgart, Germany. Porsche AG is a manufacturer of motor vehicles and other products and has been selling motor vehicles, parts, and accessories since 1952. As the owner of the Porsche trademarks, Porsche AG has the authority to license others to use the Porsche trademarks and trade dress.

5.    Eagle One is a corporation organized under the laws of the State of California with its principal place of business at 5927 Landau CT, Carlsbad, California. Eagle One is in the business of, among other things, selling car care products including car polish and car wax for automobiles.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction of this action pursuant to:

a.    The International Convention for the Protection of Industrial Property, 13 U.S. Treaties and Other International Agreements (1962), implemented by Sections 39 and 44 of the Lanham Act, 15 U.S.C. §§ 1121 and 1126, and by the Judicial Code, 28 U.S.C. § 1331;

b.    Section 39 of the Lanham Act, 15 U.S.C. § 1121, giving this Court jurisdiction over all actions arising under the Lanham Act without regard to the amount in controversy;

3

1    c. Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), relating to the

2 counterfeit, reproduction, or colorable imitation of a registered mark in connection with the sale,

3 offering for sale, distribution, or advertising of goods;

4    d. Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), relating to the use

5 of false designations of origin and/or sponsorship tending falsely to describe or designate the source,

6 and/or sponsorship of goods affecting commerce, and relating to false advertising and trade dress

7 infringement and dilution;

8    e. Section 43(c) of the Lanham Act, 15 U.S.C., Section 1125(c), relating to

9 dilution;

10    f. The Judicial Code, 28 U.S.C. § 1338(b), relating to claims of unfair competition

11 "joined with a substantial and related claim under the ... trademark laws;"

12    g. The Judicial Code, 28 U.S.C. § 1331, relating to federal question jurisdiction;

13 and

14    h. The Judicial Code, 28 U.S.C. § 1367 providing for supplemental jurisdiction

15 over the state law claims in this action.

16  7. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events giving

17 rise to the claim occurred in this district, and Eagle One may be found here.

18      GENERAL ALLEGATIONS

19  8. Continually since 1952, Porsche AG and Porsche Cars N.A. and their predecessors in

20 interest, have used various trademarks, service marks, and trade dress (including the inherently

21 distinctive shape of Porsche's world famous automobiles) developed and owned by Porsche AG in

22 connection with the sale, distribution, maintenance, service, and repair of Porsche Products in the

23 United States.

24  9. Porsche has acquired trademark rights in the trade dress of its inherently distinctive

25 automobile shapes that are recognized throughout the world.  These distinctive shapes function as

26 trademarks.  The trademarks, service marks and trade dress of Porsche are hereinafter collectively

27 referred to as the "Porsche Marks."

28 / / /

10.     Porsche AG has extensively employed and caused to be advertised and publicized throughout the world, including the United States, the Porsche Marks to identify Porsche Products and services sold under its aegis. In addition, the distinctive design and shape of the Porsche automobiles are immediately identifiable and associated by the general public with Porsche AG and Porsche Products, and have thus acquired secondary meaning. For example, attached hereto as Exhibits A and B respectively are representative national advertisements run by Porsche in the May 1999 and June 1998 editions of Excellence magazine. The advertisements portray Porsche's world famous and inherently distinctive automobiles. Attached hereto as Exhibit C is an advertisement run by one of Porsche's licensed and authorized dealers, Ogner Motorcars, Inc., in the August 1998 Excellence also portraying a world famous and distinctively shaped automobile.

11.     Porsche AG is the owner of all right, title and interest in the Porsche Marks, which include, among others, Porsche®, Carrera®, Targa®, and Boxster®, and also the Porsche Crest®, as well as Porsche's trademark rights in the distinctive shapes or trade dress of Porsche automobiles. Porsche has trademark and trade dress rights in the distinctive shapes and models numbers of its world famous automobiles, including, but not limited to, the 350, 356, 911, 912, 914, 924, 928, 930, 944, 959, 968, 993, 996, and the Boxster. With respect to the Porsche Marks, Porsche AG owns several United States trademark registrations. These registrations are valid, unrevoked, subsisting, and incontestible, and constitute prima facie evidence of Porsche AG's exclusive ownership of the Porsche Marks. Porsche's trademark registrations include among others:

a.     U.S. Registration No. 618,933, registered as a trademark on January 10, 1956, for the underlined word PORSCHE (Stylized) for use with automobiles and parts thereof;

b.     U.S. Registration Nos. 1,036,454; 1,278,698; 1,279,014; 1,279,059; 1,280,748; 1,315,679; 1,315,853; 1,322,467; 1,370,326; 1,387,727; 1,431,901; 1,503,994; 2,109,826; and 2,112,920, registered as trademarks and service marks for the stylized word PORSCHE;

/ / /

/ / /

/ / /

/ / /

99CV0788

c.   U.S. Registration Nos. 618,932; 991,621; 1,008,642; 1,283,461; 1,288,962; 1,292,341; 1,292,862; 1,323,591; 1,366,797; 1,370,470; and 1,503,069, registered as trademarks and service marks for the Porsche Crest;[1]

d.   U.S. Registration Nos. 1,386,715 and 1,395,591, registered as trademarks for the words PORSCHE CARRERA and CARRERA;

e.   U.S. Registration No. 889,976, registered as a trademark for the word TARGA; and

f.   U.S. Registration Nos. 1,928,900; 1,954,404; 2,013,141; 2,034,836; 2,034,900; 2,034,902; 2,034,903; 2,034,904; 2,034,906; 2,045,393; 2,050,159; 2,050,245; 2,050,246; 2,050,247; and 2,050,248, registered as a trademark for the word BOXSTER.

12.   Porsche Cars N.A. and Porsche AG have spent millions of dollars and have expended significant effort in advertising and promoting authorized Porsche Products and services and in developing the Porsche Marks throughout the world. Porsche prominently displays the Porsche Marks including the trade dress of Porsche's distinctively shaped automobiles in its advertisements and on its products. E.g., Exhibits A, B, and C hereto. As a result of such advertising and expenditures, Porsche AG and Porsche Cars N.A. have established considerable good will in the Porsche Marks. The Porsche Marks have become widely known and recognized throughout the world as the symbols of high quality automotive goods and services.

13.   Porsche Cars N.A. and its franchisees and sub-licensees are the only parties authorized to use the Porsche Marks in the United States in connection with the sale, distribution, or advertising of any products and services.

14.   Porsche advertises and sells its own brand of car care products, including polish and car wax that compete directly with Eagle One's car care products. Parts Bulletins for Porsche's car care products are attached hereto as Exhibit E.

/ / /

/ / /

---

[1]   The trademark registrations for the Porsche Crest® are attached hereto as Exhibit D.

15.    Subsequent to Porsche AG's use of the Porsche Marks, and subsequent to Porsche AG's registration of the same, and without the consent of Porsche Cars N.A. or Porsche AG, Eagle One began using the Porsche Marks and trade dress in advertising the products Eagle One markets and sells.

16.    Eagle One is not in any way affiliated with, authorized, or sponsored by Porsche and has no authority to use the Porsche Marks to identify the business it conducts or any services or goods it advertises, promotes, or sells.  Despite its lack of affiliation, authorization, or sponsorship, and despite objection by Porsche, Eagle One unlawfully uses photographs and depictions of Porsche's world famous and inherently distinctive automobiles, including the world famous Porsche Crest®, in its advertisements, on the packaging of its car care products, and on its Internet web site to draw attention to and advertise its products.  Eagle One advertises in the same marketing channels as Porsche.  Representative examples of Eagle One's unauthorized packaging and Internet web site depicting the world famous and inherently distinctive Porsche automobiles, including the world famous Porsche Crest®, are attached hereto as Exhibits F and G respectively.

17.    Eagle One uses the world famous and distinctively shaped Porsche automobiles in its advertisements to grab the attention of the public and to capitalize on and profit from the good will and reputation of Porsche.

18.    Eagle One's use of the Porsche Marks in conjunction with the advertisement, promotion, and sale of products and services constitutes a misappropriation of the Porsche Marks and associated good will, and is likely to cause potential purchasers of Eagle One's products and services, as well as the public at large, to believe that Eagle One's services and products are affiliated with, authorized, sponsored by, or endorsed by Porsche AG and Porsche Cars N.A.   In addition, Eagle One's wrongful use of the Porsche Marks dilutes, tarnishes, and whittles away the distinctiveness of the Porsche Marks.

19.    Eagle One was recently purchased by and became a wholly owned subsidiary of The Valvoline Company ("Valvoline") and Ashland, Inc.

20.    Porsche first learned of Eagle One's unauthorized use of the Porsche Marks on February 9, 1999 when a representative of Valvoline introduced Eagle One to Porsche AG's legal

1  department in Germany, and Eagle One and Valvoline requested permission by letter dated
2  February 9, 1999 to use the Porsche Marks on Eagle One's products in Europe. A copy of this letter
3  is attached hereto as Exhibit H.

4      21.    In a letter dated February 24, 1999, the Porsche AG legal department responded as
5  follows:

> We regret to inform you that we are not prepared to grant you the
> requested permission. . . . Apart from that, we are selling our line of
> car care products via the worldwide Porsche dealer network so that the
> product for which you request permission for packaging is in direct
> competition to our own product.
>
> Before closing, we would like to ask you for clarification of your
> statement that you "would like to leverage the packaging which has
> been utilized in North America." Does that mean that you are already
> using the image of a Porsche vehicle on the packaging of your products
> in the US? In the affirmative [sic], who granted you the respective
> permission?

13  A copy of this February 24, 1999 letter is attached hereto as Exhibit I.

14     22.    Eagle One did not respond to this letter or Porsche's question regarding permission to
15  use the Porsche Marks.

16     23.    After hearing no response, Porsche began its own investigation and discovered in early
17  March 1999 that Eagle One was using the Porsche Marks on its packaging for car care products and
18  on Eagle One's Internet web site.

19     24.    On March 12, 1999, Porsche, through counsel, sent a cease and desist letter to Eagle
20  One. A copy of this cease and desist letter is attached hereto as Exhibit J.

21     25.    On March 16, 1999, counsel for Eagle One responded that Eagle One was investigating
22  the allegations raised in the March 12, 1999 letter and would respond promptly. A copy of this letter
23  is attached hereto as Exhibit K.

24     26.    On April 8, 1999, counsel for Eagle One responded and asserted, among other things,
25  that in mid-1994, the President of Eagle One contacted Joel Ewoniak of the Porsche marketing
26  department "by correspondence to notify him of Eagle One's intended use of the Porsche depiction
27  on Eagle One car care products." A copy of this letter is attached hereto as Exhibit L. Eagle One,
28  however, failed to produce or enclose any such correspondence that it alleges was sent in mid-1994.

99CV0788

27. On April 12, 1999, counsel for Porsche responded and stated, among other things, that Porsche has

> contacted Mr. Ewoniak who informs us that at no time did he authorize Eagle One to use Porsche's trademarks and trade dress on any packaging. We also have contacted Scott Clark, Esq., former General Counsel of Porsche Cars North America, who would have given such authorization, and he cannot ever recall of hearing of Eagle One. He definitely recalls that he did not give any such authorization. Please forward to me immediately any documents whereby Eagle One contends that Porsche authorized Eagle One to use Porsche's trademarks and trade dress. **I note that your letter of April 8, 1999 references no such documents and references no documents whereby Eagle One even asked for authorization to use such trademarks or trade dress. Porsche has reviewed its files and has discovered no such documentation and no documentation relating in any way to Eagle One. Moreover, any claim that Porsche would agree to such use or not object to such use makes no sense given that Porsche sells its own brand of car-care products. Why would Porsche allow its trade dress to be used to promote a competing product?**

A copy of this letter is attached hereto as Exhibit M (emphasis added). In this letter, Porsche requested that Eagle One respond to Porsche's demands on or before April 16, 1999. Mr. Ewanick is a former General Manager of Marketing for Porsche Cars N.A. who received numerous requests regarding potential licensing opportunities every day. Mr. Ewanick had no authority to license the use of the Porsche Marks.

28. Unbeknownst to Porsche, Eagle One raced to the courthouse and filed this declaratory judgment lawsuit on April 16, 1999 to obtain the "home court" advantage. Eagle One has yet to serve Porsche with process in this lawsuit.

29. Eagle One has used and continues to use the Porsche Marks with actual knowledge of Porsche's prior adoption and use of the Porsche Marks. Eagle One has carried out and continues to carry out such acts with the intent to mislead and deceive consumers. In so doing, Eagle One has caused irreparable damage to the Porsche Marks and to the good will of Porsche AG and Porsche Cars N.A.

30. Porsche AG exercises great care in the selection of authorized Porsche dealers and licensees and exerts substantial effort to control the nature and quality of the goods and services provided by such dealers and licensees under the Porsche Marks.

31. Eagle One is neither a licensee nor authorized franchisee of Porsche AG. The products and services advertised, promoted, and sold by Eagle One are of the same type and are intended for

1    the same purpose and the same class of purchasers of Porsche Products and services that are sold

2    through authorized Porsche dealers and licensees. Porsche also markets and sells services and other

3    products that compete with the services and products advertised and sold by Eagle One. Because

4    Porsche Cars N.A. and Porsche AG exercise close supervision of and set high standards for authorized

5    Porsche dealers and licensees, Porsche Cars N.A. and Porsche AG have a strong interest in preventing

6    unauthorized persons from using the Porsche Marks or from otherwise holding themselves out as

7    authorized Porsche dealers or licensees.

8    32.     Eagle One's unauthorized use of the Porsche Marks and its use of counterfeits of the

9    Porsche Marks is likely to cause confusion as to the source and/or sponsorship of Eagle One's services

10    and products, and dilutes and tarnishes the Porsche Marks. Eagle One's conduct is intentionally

11    fraudulent, malicious, willful, and wanton.

12    <u>FIRST CLAIM FOR RELIEF</u>

13    (TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

14    33.     Porsche AG and Porsche Cars N.A. reallege and incorporate herein the allegations

15    contained above.

16    34.     The Porsche Marks have become famous and distinctive worldwide through Porsche

17    AG's and Porsche Cars N.A.'s continuous and exclusive use of them in connection with Porsche

18    Products and services.

19    35.     Because Porsche Products and services have gained a reputation for superior quality

20    and excellence, the Porsche Marks (which are always used in connection with Porsche Products and

21    services) have gained substantial renown.

22    36.     Despite demands by Porsche AG and Porsche Cars N.A. that Eagle One cease its use

23    of the Porsche Marks, Eagle One has used and continues to use the Porsche Marks, and counterfeits

24    thereof, in connection with the advertisement, promotion, and sale of Eagle One's products and

25    services.

26    / / /

27    / / /

28    / / /

99CV0788

37. Eagle One's of the Porsche Marks and trade dress, and counterfeits thereof, has caused and continues to cause irreparable injury to and dilution of the Porsche Marks' distinctive quality in violation of Porsche's rights under 15 U.S.C. § 1125(c). Eagle One's wrongful use of the Porsche Marks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Porsche Marks.

38. Eagle One has used and continues to use the Porsche Marks or counterfeits thereof, willfully and with the intent to dilute the Porsche Marks, and with the intent to trade on Porsche AG's and Porsche Cars N.A.'s reputation and good will.

39. As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered irreparable harm to the valuable Porsche Marks. Unless Eagle One is restrained from further dilution of the Porsche Marks, Porsche AG and Porsche Cars N.A. will continue to be irreparably harmed.

40. Unless Eagle One is enjoined, the valuable Porsche Marks and trade dress will continue to be irreparably harmed and diluted. Porsche AG and Porsche Cars N.A. have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Eagle One's actions are allowed to continue.

41. Eagle One has used and continues to use the Porsche Marks, trade dress, or counterfeits thereof, willfully and with the intent to dilute the Porsche Marks, and with the intent to trade on Porsche AG's and Porsche Cars N.A.'s reputation and goodwill. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 111(a).

42. As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered damages to the valuable Porsche Marks and trade dress, and other damages in an amount to be proved at trial.

### SECOND CLAIM FOR RELIEF

(FEDERAL TRADEMARK INFRINGEMENT AND
COUNTERFEITING UNDER 15 U.S.C. § 1114)

43. Porsche AG and Porsche Cars N.A. reallege and incorporate herein by reference the allegations above.

/ / /

99CV0788

44.     Porsche AG and Porsche Cars N.A. have demanded that Eagle One refrain from the use of the Porsche Marks and counterfeits of the Porsche Marks as described above. Despite Porsche AG's and Porsche Cars N.A.'s well-known prior rights in the Porsche Marks, Eagle One has used and continues to use, without Porsche AG's authorization, the Porsche Marks, or counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Eagle One's products and services.

45.     Eagle One's actions constitute willful infringement of Porsche AG's and Porsche Cars N.A.'s exclusive rights in the Porsche Marks in violation of 15 U.S.C. § 1114.

46.     Eagle One's use of the Porsche Marks, counterfeits, copies, reproductions, or colorable imitations thereof was done with the intent to cause confusion, mistake, and to deceive consumers concerning the source and/or sponsorship of Eagle One's products and services. Eagle One has used counterfeits of the Porsche Marks in connection with its products with the knowledge that the marks are counterfeits and with the intent to use counterfeits. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

47.     As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered irreparable harm to the valuable Porsche Marks. Unless Eagle One is restrained from further infringement of the Porsche Marks, Porsche AG and Porsche Cars N.A. will continue to be irreparably harmed.

48.     Porsche AG and Porsche Cars N.A. have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Eagle One's acts are allowed to continue.

49.     As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered damages to the valuable Porsche Marks and trade dress, and other damages in an amount to be proved at trial.

/ / /

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

### (FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a))

50.     Porsche AG and Porsche Cars N.A. reallege and incorporate herein by reference allegations above.

51.     Eagle One has knowingly used the Porsche Marks and trade dress, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Eagle One advertises, promotes, and sells. Eagle One has used counterfeits of the Porsche Marks knowing that the marks used are counterfeits and with the intent to use counterfeits of the Porsche Marks. Eagle One's actions render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

52.     Eagle One's use of the Porsche Marks and trade dress alleged above is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Eagle One's services and products, and is likely to cause such people to believe in error that Eagle One's services and products have been authorized, sponsored, approved, endorsed, or licensed by Porsche AG or Porsche Cars N.A., or that Eagle One is in some way affiliated with Porsche AG or Porsche Cars N.A.

53.     Eagle One's acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Eagle One's goods, and constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

54.     By reason of Eagle One's actions, Porsche AG and Porsche Cars N.A. have suffered irreparable harm to the valuable Porsche Marks and trade dress. Unless Eagle One is restrained from its actions, Porsche AG and Porsche Cars N.A. will continue to be irreparably harmed.

55.     Porsche AG and Porsche Cars N.A. have no remedy at law that will compensate for the continued and irreparable harm that will be caused if Eagle One's acts are allowed to continue.

56.     As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered damages to the valuable Porsche Marks and trade dress, and other damages in an amount to be proved at trial.

/ / /

13

## FOURTH CLAIM FOR RELIEF

## (COMMON LAW TRADEMARK INFRINGEMENT)

57.     Porsche AG and Porsche Cars N.A. reallege and incorporate herein by reference the allegations above.

58.     Porsche AG was the first to use the Porsche Marks or any marks similar thereto in association with the sale of any product and service. As a result of the continued sale by Porsche AG and Porsche Cars N.A. of Porsche Products and services under the Porsche Marks since approximately 1952, the Porsche Marks have become widely known and Porsche AG has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the Porsche Marks are applied.

59.     As a result of the experience, care, and service of Porsche AG and Porsche Cars N.A. in producing Porsche Products and services, Porsche Products and services have become widely known and have acquired a world wide reputation for excellence. Moreover, the Porsche Marks have become associated with Porsche Products and services, and have come to symbolize the reputation for quality and excellence of Porsche Products and services. As such, the Porsche Marks have become inherently distinctive.

60.     Eagle One, with intentional disregard of Porsche AG's and Porsche Cars N.A.'s rights, continues to advertise, promote, and sell services and products using the Porsche Marks or counterfeits and imitations thereof. Such acts by Eagle One have caused and continue to cause confusion as to the source and/or sponsorship of Eagle One's products and services.

61.     Eagle One's acts constitute willful infringement of Porsche AG's and Porsche Cars N.A.'s exclusive rights in the Porsche Marks, in violation of the common law.

62.     By reason of Eagle One's actions, Porsche AG and Porsche Cars N.A. have suffered irreparable harm to the valuable Porsche Marks. Unless Eagle One is restrained from further infringement of the Porsche Marks, Porsche AG and Porsche Cars N.A. will continue to suffer irreparable harm.

/ / /

/ / /

99CV0788

63. Porsche AG and Porsche Cars N.A. have no remedy at law that will adequately compensate them for the irreparable harm they will suffer if Eagle One's conduct is allowed to continue.

64. As a direct and proximate result of Eagle One's conduct, Porsche AG and Porsche Cars N.A. have suffered damages to the valuable Porsche Marks and trade dress, and other damages in an amount to be proved at trial.

WHEREFORE, Porsche AG and Porsche Cars N.A. pray for judgment against Eagle One as follows:

1. Under all claims for relief, that temporary, preliminary and permanent injunctions be issued enjoining Eagle One, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

    a. imitating, copying, or making unauthorized use of any of the Porsche Marks or Porsche's trade dress;

    b. importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of Porsche's Marks or Porsche's trade dress;

    c. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Porsche Marks or Porsche's trade dress in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service or product, in such fashion as to relate or connect, or tend to relate or connect, such service or product in any way to Porsche, or to any goods sold, manufactured, sponsored or approved by, or connected with Porsche;

    d. using any false designation of origin or false description (including, without limitation, any letters or symbols and the Porsche Parts Numbering System), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Eagle One is in any manner associated

99CV0788

or connected with Porsche, or is sold, manufactured, licensed, sponsored, approved or authorized by Porsche;

      e.     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Eagle One's possession, custody or control bearing a design or mark substantially identical to any or all of the Porsche Marks or Porsche's trade dress;

      f.     engaging in any other activity constituting unfair competition with Porsche, or constituting an infringement of any or all of the Porsche Marks, or of Porsche's rights in, or to use or exploit, any or all of Porsche's Marks or Porsche's trade dress; and

      g.     instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

2.     For an order directing that Eagle One deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Porsche Marks or Porsche's trade dress or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118.

3.     For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by Eagle One is authorized by Porsche or related in any way to Porsche's Products or services.

4.     For an order directing that Eagle One file with the Court and serve upon Porsche's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Eagle One has complied with the above.

5.     For an award of Porsche's costs and disbursements incurred in this action, including Porsche's reasonable attorneys' fees.

6.     For an award of Porsche's damages trebled or, alternatively, an award of Eagle One's wrongful profits trebled, whichever is greater, plus Porsche's costs and attorneys fees, pursuant to 15 U.S.C. § 1117.

1       7.     For an award of Porsche's damages arising out of Eagle One's acts;

2       8.     For an order requiring Eagle One to file with the Court and provide to Porsche an

3 accounting of all sales and profits realized by Eagle One through the use of the Porsche Marks and

4 any counterfeits thereof.

5       9.     For an award of interest, including pre-judgment interest on the foregoing sums.

6     10.     For such other and further relief as the Court may deem just and proper.

7

8 Dated: April 22, 1999             LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                            By: _____

11                             Lawrence J. Kouns
                            Julie A. Vogelzang

12                             Gregory D. Phillips (USBN 4645)
                            HOWARD, PHILLIPS & ANDERSON

13                             560 E. 200 South, Suite 230
                            Salt Lake City, Utah 84102

14                             Telephone: 801-366-7471
                            Facsimile: 801-366-7706

15

16                             Attorneys for Defendants and Counter Plaintiffs
                            PORSCHE CARS NORTH AMERICA, INC. and
                            PORSCHE AG

17

18

19

20

21

22

23

24

25

26

27

28

99CV0788

# VERIFICATION

STATE OF GEORGIA       )
                           : ss.
COUNTY OF FULTON    )

Patricia R. Britton, under penalty of perjury, states: That she is General Counsel of Porsche Cars North America, Inc.; that she has read and is familiar with the contents of the foregoing Verified Counterclaim; that to the best of her knowledge, information, and belief the allegations thereof are true and correct.

Executed this 21 day of April 1999 in Atlanta, Georgia

_____
PATRICIA R. BRITTON

99CV0788



PORSCHE

**Pictured above:**
**Everything we know so far.**

Exhibit A

19

# The Magazine 11 About Porsche
# excellence



**Daytona 1999:
GT-3 911 Beats
All The GT-2s!**



**MARKET UPDATE
EARLY 911**



Exhibit A
20



**MAY 1999**
05>

**$4.95** (Canada $5.95)

0 09281 01557 4



The Magazine **11** About Porsche

# excellence

## New 911 Cabriolet

**Racing the
911 Turbo S**

**Plus:
356 Market
Update**

JUNE 1998

0 71486 01552 4  06

**$3.95** (Canada $4.95)

Exhibit B
21



## 1.1 million words in the English language
## and not one can describe the feeling.

Introducing the new 911. Its true eloquence can only be expressed on the open road.

With a 296 horsepower water cooled engine and 35 years worth of wisdom.

Once again the 911 evades description, moving us to say: Porsche. There is no substitute.



# *Take a Cruise Down Memory Lane...*

**Or rip up the track!** Our veritable museum of automobilia contains a large boutique with over 10,000 scale models and kits, auto videos, the *largest selection of autobooks to be found* anywhere and over 50 of the latest issues of British and American auto magazines. **Stop by and see us soon!** Or, if you're not in the area, our 100+ page spring catalog is just $4 and includes a $5 gift certificate, or request our free 12 page monthly supplement, which lists over 500 new and restocked products monthly. Hundreds of Porsche items...books, videos, models and that great Brit Porsche mag, 911 & Porsche World!

### The EWA Model Car Center
**205 Route 22 East**
**Green Brook, NJ 08812 (732) 424-7811**
**fax (732) 424-7814**
*website: www.ewacars.com*



ENTE**R**RISES

- **RSR look alike engine shroud to adapt C2/C4 into early chassis**
- **C2/C4 twin belt pulley kit**
- **Custom engine wiring harnesses**
- **Quiet exhaust systems**
- **Performance proven valve spring kits**
- **Custom piston and cylinder kits**
- **TWM throttle bodies**
- **engine management systems**

*Phone/FAX: (408) 369-9607*
491 McGlincey Lane #1, Campbell, California 95008
*JWoodsEnt@compuserve.com*

*• Engine Testing & Development • Engine Dyno Services*
*• Design, Machining & Prototyping • Specializing in PORSCHE Engines*



FOR FERRARI & PORSCHE
• ENCLOSED CARRIER • PICK-UP AND DELIVERY

Exhibit C
23



Exhibit C

24

**$3.95** (Canada $4.95)

0   71486 01557   4

# United States Patent Office

618,932

Registered Jan. 10, 1956

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 6-12-61

Ser. No. 663,977, filed June 23, 1954



Dr. Ing. h. c. F. Porsche K. G. (German company)
85 Neckarsulmer Strasse
Stuttgart-Zuffenhausen, Germany

For: AUTOMOBILES AND PARTS THEREOF, in
CLASS 19.
First used September 1951; in commerce September
1951.
Applicant disclaims the word "Stuttgart" apart from
the mark as shown.
Sec. 2(f) as to "Porsche."

EXHIBIT

021

Exhibit D

25

Int. Cl.: 37, 42

Prior U.S. Cl.: 101, 103

United States Patent Office

Reg. No. 991,621
Registered Aug. 20, 1974

## SERVICE MARK
Principal Register



Dr. Ing. h.c. F. Porsche K.G. (German company)
Porschestrasse 42
Stuttgart-Zuffenhausen, Germany

For: RETAIL AUTOMOBILE AGENCY SERVICES AND DISTRIBUTORSHIP SERVICES IN THE FIELD OF AUTOMOTIVE PARTS, in CLASS 101 (INT. CL. 42).

For: MAINTENANCE AND REPAIR OF AUTOMOBILES, in CLASS 103 (INT. CL. 37).

First use January 1958; in commerce March 1958. Owner of U.S. Reg. No. 618,932.

Ser. No. 417,953, filed Mar. 10, 1972.

EXHIBIT

Int. CL: 37, 42

Prior U.S. CL: 101, 103

United States Patent Office

Reg. No. 1,008,642
Registered Apr. 8, 1975

# SERVICE MARK
### Principal Register



Dr. Ing. H.C.F. Porsche  K.G. (German company)
Porschestrasse 42
Stuttgart-Zuffenhausen, Germany

For: RETAIL AUTOMOTIVE AGENCY SERVICES AND DISTRIBUTORSHIP SERVICES IN THE FIELD OF AUTOMOTIVE PARTS, in CLASS 101 (INT. CL. 42).

For: MAINTENANCE AND REPAIR OF AUTOMOBILES, in CLASS 103 (INT. CL. 37).

First use January 1958; in commerce March 1958.
The word "Stuttgart" is disclaimed apart from the mark as shown.
The drawing is lined for the colors red, gold and yellow.
Owner of U.S. Reg. No. 618,932.

Ser. No. 417,954, filed Mar. 10, 1972.

EXHIBIT

023

Reg. No. 1,283,461
Registered Jun. 26, 1984

## TRADEMARK
### Principal Register



Dr. Ing. H.C.F. Porsche Aktiengesellschaft (Fed.
Rep. of Germany corporation)
Porschestr. 42
Stuttgart-Zu, Fed. Rep. of Germany 7000

For: BADGES AND LAPEL PINS, in CLASS
26 (U.S. Cl. 40).
First use Jan. 1960; in commerce Aug. 1976.
Owner of U.S. Reg. Nos. 618,932, 1,036,454 and
others.

No claim is made to the exclusive right to use the

word "Stuttgart", apart from the mark as shown.

Ser. No. 423,260, filed Apr. 26, 1983.

DAVID E. BUCHER, Examining Attorney

Int. Cl.: 16

Prior U.S. Cls.: 22, 37 and 38

## TRADEMARK
### Principal Register



Dr. Ing. H.C.F. Porsche Aktiengesellschaft (Fed. Rep. of Germany corporation)
Porschestr. 42
Stuttgart-Zu, Fed. Rep. of Germany 7000

For: STATIONERY—NAMELY, WRITING PADS, WRITING PAD CASES, NOTE PADS, AND MEMO PADS; WRITING INSTRUMENTS —NAMELY, MECHANICAL PENCILS AND PENS; PHOTOGRAPHS; DECALCOMANIAS; BINDERS; PLAYING CARDS; AND PRINTED MATERIAL—NAMELY, BOOKS AND MAGA-

ZINES COMPRISING ARTICLES RELATING TO APPLICANT AND AUTOMOTIVE HISTO-RIES, in CLASS 16 (U.S. Cls. 22, 37 and 38).

First use Jul. 1968; in commerce Nov. 1975.

Owner of U.S. Reg. Nos. 618,932, 1,036,454 and others.

The stippling shown in the drawing of the mark represents contrasting shades of colors.

Sec. 2(f).

Ser. No. 423,257, filed Apr. 26, 1983.

HENRY S. ZAK, Examining Attorney



## TRADEMARK
Principal Register



Dr. Ing. h.c.F. Porsche Aktiengesellschaft (Fed. Rep. of Germany corporation)
Porschestr. 42
Stuttgart-Zu, Fed. Rep. of Germany 7000

For: PILL BOXES, VASES, FLASKS FOR PERFUME, SMALL DOMESTIC UTENSILS AND CONTAINERS, GLASS, PORCELAIN AND EARTHENWARE, BEVERAGEWARE AND DINNERWARE; BRUSHES AND COMBS; COASTERS, in CLASS 21 (U.S. Cls. 2, 29, 30, 33 and 40).

First use Jan. 1960; in commerce Jul. 1974.

Owner of U.S. Reg. Nos. 618,932, 1,036,454 and others.

No claim is made to the exclusive right to use "Stuttgart", apart from the mark as shown.

The stippling in the drawing of mark indicates contrasting shading.

Ser. No. 423,264, filed Apr. 26, 1983.

HENRY S. ZAK, Examining Attorney

Int. Cl.: 18

Prior U.S. Cls.: 3 and 41

## TRADEMARK
### Principal Register



Dr. Ing. h.c.F. Porsche Aktiengesellschaft (Fed. Rep. of Germany corporation)
Porschestr. 42
Stuttgart-Zu, Fed. Rep. of Germany 7000

For: ARTICLES OF LEATHER OR OF IMITATION LEATHER—NAMELY, LUGGAGE, SUITCASES, HANDBAGS, BRIEFCASES, KEY FOBS, KEY CASES, KEY POUCHES, WALLETS, PURSES, ALL PURPOSE SPORT BAGS, AND

PARASOLS AND UMBRELLAS, in CLASS 18 (U.S. Cls. 3 and 41).

First use Jan. 1960; in commerce Jul. 1974.

Owner of U.S. Reg. Nos. 618,932, 1,036,454 and others.

No claim is made to the exclusive right to use "Stuttgart", apart from the mark as shown.

Ser. No. 423,256, filed Apr. 26, 1983.

DAVID E. BUCHER, Examining Attorney



Int. Cl.: 33

Prior U.S. Cl.: 47

## United States Patent and Trademark Office

Reg. No. 1,323,591
Registered Mar. 5, 1985

## TRADEMARK
Principal Register



Dr. Ing. h.c.F. Porsche Aktiengesellschaft (Fed. Rep. of Germany corporation)
Porschestr. 42
Stuttgart-Zuffenhausen, Fed. Rep. of Germany 7000

For: WINES, in CLASS 33 (U.S. Cl. 47).

Owner of Fed. Rep. of Germany Reg. No. 1,036,804, dated Aug. 9, 1982, expires Apr. 8, 1992.

Owner of U.S. Reg. Nos. 618,932, 1,036,454 and others.

No claim is made to the exclusive right to use "Stuttgart", apart from the mark as shown.

The stippling in the drawing of the mark indicates contrasting shading.

Ser. No. 423,263, filed Apr. 26, 1983.

HENRY S. ZAK, Examining Attorney

EXHIBIT

029

**United States Patent and Trademark Office**   Reg. No. 1,366,797
Registered Oct. 22, 1985

## TRADEMARK
### PRINCIPAL REGISTER



DR. ING. H.C.F. PORSCHE AKTIENGESELL-
SCHAFT (FED REP GERMANY CORPORA-
TION)
PORSCHESTR. 42
STUTTGART-ZUFFENHAUSEN, FED REP
GERMANY

FOR: SURFBOARDS AND TOYS AND PLAY-
THINGS, NAMELY TOY CARS AND TRUCKS,
IN CLASS 28 (U.S. CL. 22).
FIRST USE 11-0-1971; IN COMMERCE
5-0-1975.

OWNER OF U.S. REG. NOS. 618,932, 1,036,454
AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STUTTGART", APART FROM
THE MARK AS SHOWN.
THE STIPPLING SHOWN IN THE DRAWING
OF THE MARK INDICATES CONTRASTING
COLOR OR SHADING.

SER. NO. 423,265, FILED 4-26-1983.

HENRY S. ZAK, EXAMINING ATTORNEY

## TRADEMARK
### PRINCIPAL REGISTER



DR. ING. H.C.F. PORSCHE AKTIENGESELL-
SCHAFT (FED REP GERMANY CORPORA-
TION)
PORSCHESTR. 42
STUTTGART-ZUFFENHAUSEN, FED REP
GERMANY

FOR: SMOKERS' ARTICLES, NAMELY,
MATCHES, SMOKER'S LIGHTERS AND ASH-
TRAYS, IN CLASS 34 (U.S. CLS. 2, 8 AND 9).
FIRST USE 4-0-1969; IN COMMERCE
7-0-1974.

OWNER OF U.S. REG. NOS. 618,932, 1,036,454
AND OTHERS.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STUTTGART", APART FROM
THE MARK AS SHOWN.
THE STIPPLING IN THE DRAWING OF THE
MARK INDICATES CONTRASTING COLORS
OR SHADING.

SER. NO. 423,261, FILED 4-26-1983.

HENRY S. ZAK, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,503,069

# United States Patent and Trademark Office
Registered Sep. 6, 1988

## TRADEMARK
### PRINCIPAL REGISTER



DR. ING. H.C.F. PORSCHE AKTIENGESELL-
SCHAFT (FED REP GERMANY CORPORA-
TION)
PORSCHESTR. 42
STUTTGART-ZUFFENHAUSEN, FED REP
GERMANY

FOR: ARTICLES OF OUTER CLOTHING
NAMELY SHIRTS, PULLOVERS, JACKETS
AND PARKAS, FOOTWEAR; HEAD BANDS
AND WRIST BANDS; CAPS AND SUN VISORS;
TIES AND BELTS, IN CLASS 25 (U.S. CL. 39).
FIRST USE 5-0-1970; IN COMMERCE
12-0-1974.

OWNER OF U.S. REG. NOS. 618,932, 1,036,454
AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "STUTTGART", APART
FROM THE MARK AS SHOWN.

THE LINING AND STIPPLING SHOWN IN
THE MARK REPRESENTS CONTRASTING
SHADES OF COLOR

SER. NO. 423,259, FILED 4-26-1983.

HENRY S. ZAK, EXAMINING ATTORNEY


ATTENTION: Parts Managers, Parts Personnel

This bulletin replaces Parts Bulletin Group 10, Number D2, dated 3-15-89.

We offer a complete line of cleaners and chemicals specifically formulated and approved for use on all Porsche models. These products are manufactured in Germany and are attractively packaged to appeal to all your Porsche customers.



<div style="writing-mode: vertical">PORSCHE CARS NORTH AMERICA INC.</div>

| Paint Polish | Formulated specifically for all current model paint finishes. | 999 901 018 40 |
|---|---|---|
| Paint Protector & Sealer | To be used after paint polish to keep a long-lasting shine. | 999 901 015 40 |
| Car Shampoo | A mild car wash preparation compatible with all current Porsche paint finishes. | 999 901 014 40 |
| Car Wash Preservative | To be used after the shampoo to preserve paint finish. | 999 901 013 40 |
| Tar Remover | To be used after washing and before polishing. | 999 901 016 40 |
| Insect Remover | To remove the most difficult remains of bugs. | 999 901 019 40 |
| Cockpit Cleaner | A mild, universal cleaner for plastic, leather and cloth. | 999 901 017 40 |
| Stain Remover | To remove oil and grease stains from cloth, leather and plastic (not convertible tops). | 999 901 020 40 |
| Cotton Polishing Pad | For polish and cleaner application. | 999 901 021 40 |
| Polishing Cloth | For final rub-out of polish and sealer. | 999 901 022 40 |

All specifications are subject to change without notice.

©1990 Porsche Cars
North America, Inc.
All rights reserved. Cannot be
reproduced without written permission
Porsche Technical Publications

# Parts Bulletin

Exhibit E

36

P
O
R
S
C
H
E

C
A
R
S

N
O
R
T
H

A
M
E
R
I
C
A

I
N
C
.

| Description | Part Number |
|---|---|



**Three-Pak**
The most needed re-fills for the Car Care Kit in one package: Shampoo, Insect Remover and Cockpit Cleaner. Significant cost savings over individual items.

000 043 116 00

**Window Cleaner**
A universal cleaning solution for glass. Will not streak or smear! Especially useful for removing chemical film on the inside of windshields.
250 ml spray bottle.

999 917 803 00



**Window Cleaner Pak**
A unique 2-cloth package. One cloth is moistened with a special cleaner to remove the chemical film on the inside of the windshield. The other cloth is dry to finish the operation. Handy and inexpensive.
Packaged 50/carton (minimum order qty.)

000 043 094 00



**Leather Care**
This is a Porsche factory approved treatment for the cleaning, protection and conditioning of leathers used in Porsche cars. It is the only approved care for special leathers finished in pearl-white

000 043 007 00

All specifications are subject to change without notice

©1990 Porsche Cars
North America, Inc.
All rights reserved. Cannot be
reproduced without written permission.
Porsche Technical Publications

# Parts Bulletin

Exhibit E
37



PORSCHE CARS NORTH AMERICA INC.

| Description | Part Number |
|---|---|



**Car Shampoo**

| | |
|---|---|
| 250ml. Bottle | 999 901 014 40 |
| Liter Bottle | 999 901 036 40 |

Compatible with all current Porsche paint finishes. Car Shampoo should be used in conjunction with Car Wash Preservative (999 901 013 40).



**Light Alloy Wheel Cleaner**

| | |
|---|---|
| Spray bottle, 500 ml | 999 901 030 40 |
| Refill, 1 liter | 999 901 031 40 |

The use of incorrect cleaners can severely damage the finish of Porsche alloy wheels. This wheel cleaner has been specially formulated to be safe, yet effective, on all Porsche alloy wheels. It is in a slight gel form which eliminates wasteful run-off. We recommend that your Service Department use only this wheel cleaner for all cars in the shop, no matter what make.



**Special Silicone Remover**    928 628 931 00

A highly concentrated cleaner for use with Porsche Intensive Windshield Wash Systems. A special spout is provided in the cap to allow easy filling of the reservoir. This cleaner is especially useful to remove silicone residue from windshields in order for wipers to work properly. Do not dilute. 1 liter.

**Summer Windshield Cleanser**    999 901 032 40

A concentrated special soapy substance for washer systems. For warm seasons only, but is compatible with above Silicone Remover and Winter Windshield Cleanser (below).
250 ml bottle; dilute 20:1.

*All specifications are subject to change without notice.*

©1990 Porsche Cars
North America, Inc.
All rights reserved. Cannot be
reproduced without written permission.
Porsche Technical Publications

**Parts Bulletin**

Exhibit E
38

| PORSCHE | Date | Group |
|---|---|---|
| | 10-5-90 | 10 |
| **Subject:** Porsche Car Care Products | **Model** All | **Number** D2 |

| | Description | Part Number |
|---|---|---|
|  | *Winter Windshield Cleanser*<br>A highly concentrated solution for all windshield washer systems. Dilute with water 1.5:1 to 3:1 depending on temperature. Can be mixed with Summer Windshield Cleanser 1 liter bottle. | 999 901 003 40 |

Thank you for your PORSCHE Parts and Accessories business.

Porsche Cars N.A. Parts Department

PORSCHE CARS NORTH AMERICA INC.

All specifications are subject to change without notice

| Dealership Distribution Routing | Parts manager ____ | Parts personnel ____ ____ ____ ____ ____ ____ ____ ____ |
|---|---|---|
| | Asst. manager ____ | Parts personnel ____ ____ ____ ____ ____ ____ ____ ____ |

©1990 Porsche Cars North America, Inc. All rights reserved. Cannot be reproduced without written permission Porsche Technical Publications

**Parts Bulletin**



| | Date | Group |
|---|---|---|
| PORSCHE | 2-19-90 | 10 |

| Subject: | Model | Number |
|---|---|---|
| Cabrio Top Cleaner and Preservative | 911, 944 | D2A |





ATTENTION: Parts Managers/Parts Personnel

This bulletin replaces Parts Bulletin Group 10, Number D2A dated 2-2-90.



Cleaner
000 043 123 10



Preservative
000 043 123 00

Porsche AG has recently approved these German-made products for the care of convertible tops.

Cleaner

— 500 ml. spray bottle
— Always use before applying preservative (below)
— Will not harm paint-work or plastic rear window

Preservative

— 600 ml. spray can.
— Provides a good measure of waterproof protection.
— Creates a barrier to sun fading and dirt impregnation.

These chemical preparations should be used together twice a year for optimum maintenance and protection. Full instructions are on containers.

Note: Only these two products are approved for use on Porsche convertible tops. Please take the necessary steps to prevent the preservative overspray from coming in contact with the rear plastic window and painted surfaces. Preservative spray can stain these surfaces. For additional information please see Service Technical Bulletin Group 6, Number 9002.

Thank you for your Porsche Parts and Accessories business.

PCNA Parts Department

All specifications are subject to change without notice.

| Dealership Distribution Routing | Parts manager ____ | Parts personnel ____ | ____ | ____ | ____ | ____ |
| | Asst. manager ____ | Parts personnel ____ | ____ | ____ | ____ | ____ |

© 1990 Porsche Cars
North America, Inc.
All Rights Reserved
Porsche Parts Publications

# Parts Bulletin



# Parts Bulletin

| | Date | Group |
|---|---|---|
| | 6-16-94 | 10 |

| Subject: | Model | Number |
|---|---|---|
| Wheel Care Kit | N/A | D2B |

PORSCHE CARS NORTH AMERICA INC.

ATTENTION: Parts Manager / Parts Personnel

In response to dealer inquiries for an effective way to clean Porsche Alloy Wheels, we have added a Wheel Care Kit to our Accessory program.

The kit includes an Alloy Wheel Cleaner and a 3-piece brush set which has been specially designed for the Cup Style Wheels.



| Part Number | Description | Dealer Cost | Suggested Retail |
|---|---|---|---|
| 000 043 202 24 | Wheel Care Kit | $24.95 | $33.25 |

Thank you for your parts and accessories business.

Porsche Cars N.A. Parts Department

All specifications are subject to change without notice.

The prices within this bulletin are subject to change without notice.

| Dealership Distribution Routing | Parts manager _____ | Parts personnel _____ |
|---|---|---|
| | Asst. manager _____ | Parts personnel _____ |

The trademarks: Porsche®, Targa®, Carrera®, Tetrona®, Varecam® and the Porsche Crest are trademarks of Dr. Ing. h.c.F. Porsche AG and used by Porsche Cars North America, Inc.

©1994 Porsche Cars
North America, Inc.
All rights reserved. Cannot be
reproduced without written permission.
Service & Parts Publications.





PARTS

Exhibit E
41



Exhibit F
42



**FREE OFFER**
Detail Guide and 8 oz. Detailers Secret.
Detailers Secret makes wax or polish easier
to apply & remove. Removes streaks &
smears. Great on blacks & reds.
*Send $3.00 for postage and handling.*

...P AWAY FROM CHILDREN.

...LE ONE INDUSTRIES

...N IN U.S.A

0  79933 28040

Exhibit F
43





Click Here.





**DETAILING** GUIDE

**FREE**

## Products Catalog
Everything you need to know to care for your automobile

## Maintenance Guide
Build an interactive maintenance schedule.

## Detailing Guide
Detailing questions? Ask away and get solutions.

## Expert Tips
Tips for getting the perfect look.

## Gift Guide
Find the perfect gift for the automobile enthusiast.

## Assemble a Car Care Kit
Design a Car Care Kit specifically for your automobile.



## E1 Community
Enter your automobile in our online showcase.

# WIN
# Mark Martin's
# Car BIG

in the Eagle One
Winston Cup Sweepstakes!



# MARK MARTIN [THE BIG CAR]

**Enter to WIN**

**Mark Martin's Eagle One/Roush Racing Ford Taurus**

### Eagle One's Mark Martin Race Car Sweepstakes

Eagle One is dedicated to helping you improve the looks of the car you drive. This summer, we're taking that commitment to a whole new level by giving you the chance to win Mark Martin's ACTUAL Eagle One/Roush Racing Ford Taurus. It's the same, undefeated 750-horsepower screamer that's made Martin one of America's favorite NASCAR drivers - and it could be YOURS just for entering!

In addition to his actual car, you can also pick up a 1:64-scale Hot Wheels replica of Martin's Ford Taurus in every package of Eagle One WET™ Polish & Wax. This special in-pack promotion is available while supplies last at leading auto-supply and discount chains throughout the U.S. and Canada. You can also order directly from this site!

Eagle One's Mark Martin Race Car Sweepstakes runs from March 19 through September 10, 1999. So, while Martin's *driving* the Eagle One colors again at the Winston, you could be *winning* his car!

To enter, just click on the "Next" button below and provide your contact information.

**Great! I want to win!** [ NEXT ]





This maintenance guide has been designed to make the job of caring for your car as easy as possible. Let us know what type of a maintenance schedule you'd like to build and what areas of your car you'd like to care for on a regular basis, and we'll make sure you receive updates that keep you on track.



Exhibit G

46



You care about your vehicle. You want it to last and look good. Whether you're an enthusiast who demands Concours d'Elegance appearance, or simply someone who wants to protect their investment, Eagle One has the top quality cleaning, waxing and finishing products you need for your car, truck or motorcycle.

Let us build you a free, personalized detailing guide. To make certain your guide is right for you, we'll need to know a little about your vehicle. Just answer the following brief questions and you'll be on your way...



The Internet Source for Automobile Care

Choose a path below and:
- Detailing Guide
- Expert Tips
- Gift Guide
- Maintenance Guide

Get tips from the experts
- Car Care Kit
- Product Catalog
- Dealer Locator
- User Catalog

HELP | CART | SAVE | ABOUT US | HOME | SITE MAP

EAGLE ONE

Click Here

# EXPERT TIPS

**Interior**    **Exterior**    **Wheels & Tires**

GO    GO    GO

With 30 years in the car care business, we've learned just about everything there is to know about detailing your car. Our *Expert Tips* section is designed to give that knowledge to you, customized for your particular vehicle and detailing needs. Just select the area you'd like to learn about on your right. If you want to learn about other areas, come back after your done and select again - we'll remember who you were!





The following pages will help you build the perfect Eagle One gift package. We'll ask you a series of questions about the recipients vehicle. and recommend the best Eagle One products for their needs. To simplify the package design process we have split the products into three categories—interior, exterior, and wheels & tires. For motorcycles, the interior section refers to products for your seat, saddlebags, and windscreen/fairing.



The Internet Source for Automobile Care

Choose a path below and:
— Detailing Guide
— Expert Tips
— Gift Guide
— Maintenance Guide

Get tips from the experts
— Car Care Kit
— Product Catalog
— Dealer Locator
— User Catalog

HELP | CART | SHOP | ABOUT US | HOME | SITE MAP

EAGLE ONE

Click Here

**GIFT GUIDE**

**Interior**

**Car**

To further customize this recommendation, please tell us if their car has a leather interior:

Yes.    No.

**Personalize**

We recommend the following products for their car:

**Concours Tire Dressing**

superior penetration ensures a rich natural gloss without leaving an oily film.

**Eagle One ZAP Spot Remover**

for all vinyl, fabric and carpeting. It contains no petrochemicals, yet will easily remove grease, oil, tar or ink.

**Eagle One Dash Gard**

apply to dash at least every couple of months to prevent drying and cracking. Dash Guard's special UV-X blockers help keep their dash new and supple.

**Eagle One 20/20 Auto Glass Cleaner**

ammonia-free formula quickly cuts through oil and vinyl haze.

**Eagle One Plastic Polish and Protectant**

hides scratches, cleans and protects clear or opaque plastics—especially great for instrument faces and plastic rear windows on convertibles.

**Add To Cart** | **View Cart** | **Check Out Now**

**Great! What about their exterior?**    **NEXT**

**Note**: To add products to your order, check the box next to the products you want, then click "**Add To Cart**". Moving to the next section will not automatically add items to your order, you must click "**Add To Cart**" first.

There are no items in your cart.



Choose a path below and: Get tips from the experts

— Detailing Guide     — Car Care Kit
— Expert Tips     — Product Catalog
   Gift Guide     — Dealer Locator
— Maintenance Guide     — User Catalog

HELP | CARE | SHOP | ABOUT US | HOME | SITE MAP

Click Here

# CAR CARE KIT

The following pages will help you assemble a customized kit of detailing products to suit your vehicle and your preferences. To simplify the kit design process we have split the products into three categories—interior, exterior, and wheels & tires. For motorcycles, the interior section refers to products for your seat, saddlebags, and windscreen/fairing.



GO        GO        GO

# EAGLE ONE

February 9, 1999

Frau Reihnardt
Porsche AG
Legal Department
Porsche PI
70435 Stuttgart
Germany

EINGEGANGEN
– Rechtsabteilung –
1 1. FEB. 1999

Dear Frau Reihnardt:

An associate of mine at Valvoline, Barry Bronson, spoke with you this morning regarding the packaging of Eagle One premium automotive appearance products in Europe. He conveyed to me, your direction to submit our request in writing, along with a sample of the desired packaging.

Eagle One is a manufacturer and marketer of premium positioned automotive appearance products. The brand is over twenty years old, and was purchased by Valvoline one year ago.

As part of our business strategy, we will be expanding our sales distribution into Europe, taking advantage of Valvoline's business and distribution. We would like to leverage the packaging which has been utilized in North America, and have developed the proposed packaging graphics. A copy of the proposed Eagle One WET Car Polish/Wax packaging is enclosed for your review.

We would like to respectfully request your permission to produce this packaging across our line of products for European distribution.

If there is any information or additional materials which you would need to assist you in your review, I would be pleased to provide them to you. Thank you very much for your consideration.

Sincerely

John J. Dillon
Vice President, Marketing

# PORSCHE

**Fax**

| An · To | | Telefax |
|---|---|---|
| Eagle One Industries, Att.: Mr. John Dillon, Vice President Marketing | | |
| Datum · Date | | Seiten einschl. Deckblatt · Pages, Cover incl. |
| 24.02.1999 | | |
| Von · From | | Abteilung · Department |
| A. Reinhardt, Legal Department | | |
| Dr. Ing. h. c. F. Porsche Aktiengesellschaft | | |
| Zuffenhausen | Telefon: +49 (0) 711 911- 6160 | Telefax: +49 (0) 711 911- 6223 |
| Ludwigsburg | Telefon: +49 (0) 711 911- | Telefax: +49 (0) 711 911- |
| Weissach | Telefon: +49 (0) 711 911- | Telefax: +49 (0) 711 911- |

**Automotive Appearance Products**

Dear Mr. Dillon,

We refer to your letter dated February 9, 1999, in which you request permission to use the image of a Porsche vehicle on the packaging of Eagle One automotive appearance products in Europe.

We regret having to inform you that we are not prepared to grant you the requested permission. Porsche's general policy is to grant permission to use images of Porsche vehicles for promotional purposes only to long-standing suppliers to our series production and to companies with which we are cooperating, for instance in connection with motorsport events. Apart from that, we are selling our own line of car care products via the worldwide Porsche dealer network so that the product for which you request permission for the packaging is in direct competition to our own product.

Before closing, we would like to ask you for clarification of your statement that you "would like to leverage the packaging which has been utilized in North America". Does that mean that you are already using the image of a Porsche vehicle on the packaging of your products in the US? In the affirmative, who granted you the respective permission? We would appreciate your response by facsimile (no. 711/9116223). Thank you.

Yours sincerely,
Dr. Ing. h. c. F. Porsche
Aktiengesellschaft
Legal Department

A. Reinhardt

Exhibit I
53

# HOWARD, PHILLIPS & ANDERSEN

*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: GDP@HPALAW.COM

560 East 200 South, Suite 230
Salt Lake City, UT 84102

March 12, 1999

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

**VIA FACSIMILE (No. 760-931-0691)**
**AND REGULAR MAIL**

Bernard A. Li, President
John J. Dillon, Vice-President
Egl-1, Inc.dba Eagle One Industries
5927 Landau Court
Carlsbad, California 92008

      Re:    Infringement and Dilution of Porsche Trademarks, Service Marks, and Trade Dress

Dear Mr. Li and Dillon:

This law firm represents both Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc. ("Porsche") on trademark matters and in trademark litigation. Porsche takes policing and enforcement of its trademark and trade dress rights seriously. During the past several years, Porsche has successfully obtained preliminary and permanent injunctions against numerous trademark infringers, and has resolved many other matters short of litigation. See e.g., Liquid Glass Enterprises v. Dr. Ing. h.c.F. Porsche AG, 8 F.Supp.2d 398 (D.N.J. 1998); Porsche Cars North America v. Manny's Porshop, 972 F.Supp. 1128 (N.D.Ill. 1997);Dr. Ing h.c.F. Porsche AG v. Universal Brass, Inc., 34 U.S.P.Q.2d 1593 (W.D.Wa. 1995).

It recently came to Porsche's attention that Egl-1, Inc. dba Eagle One ("Eagle One") is using Porsche's world famous and distinctively shaped 911 automobile on the packaging of its WET/ Wet-Look Car Polish and on the product itself. Eagle One is also using Porsche's world famous automobiles on its web site at www.eagleone.com. In so doing, Eagle One is infringing and diluting Porsche's significant and world famous trademark and trade dress rights, is misappropriating the good will and reputation of Porsche, and is also engaging in false and misleading advertising by causing the public to believe that the product Eagle One is somehow sponsored by, affiliated with, or approved by Porsche.

PORSCHE®, the Porsche Crest ®, CARRERA®, TARGA®, and BOXSTER® are some of the registered trademarks of Dr. Ing. h.c.F. Porsche AG, and are proprietary property of that corporation. In addition, Porsche has trade dress rights in the distinctive shapes of the Porsche automobiles and trademark rights in its model numbers, including but not limited to, the Porsche models 996, 993, 911, 912, 914, 924, 928, 930, 944, 959, 968, 356, and the Boxster. Porsche also has protectable rights in its Parts Numbering System. Usage of the Porsche trademarks or trade

dress or any confusingly similar variation thereof, without consent, violates state and federal law, is misleading to the public, and constitutes a misappropriation of the goodwill and reputation developed by Porsche.

In an identical case, <u>Liquid Glass Enterprises, Inc., v. Dr. Ing. h.c.F. Porsche AG and Porsche Cars North America, Inc.</u>, 8 F.Supp.2d 398 (DNJ 1998), Judge Barry preliminarily enjoined Liquid Glass from using photographs of a Porsche 911 in its advertisements for car care and cleaning products "because Liquid Glass wanted to usurp Porsche's reputation and strength.... Stated somewhat differently, Liquid Glass wanted to cash in on the good will that Porsche has worked hard to create and maintain by aligning itself with Porsche."

Judge Barry further found that use of the Porsche trademarks and automobiles in advertisements diluted Porsche's trademark and trade dress rights because the use of Porsche's "trademarks and trade dress is likely to slowly whittle away the distinctiveness of Porsche's marks, demeaning the Porsche cachet and blurring the value of its famous and strong marks."

Judge Barry rejected Liquid Glass's "fair use defense" because Liquid Glass "was trying to attract customers by capitalizing on Porsche's good will and reputation for quality products" and because "Liquid Glass's advertisements could mislead the public into believing that Porsche endorsed Liquid Glass's products or at least approved of their use on Porsche automobiles."

Judge Barry also rejected Liquid Glass's argument that Porsche should be flattered because Liquid Glass was simply engaging in supportive advertising for Porsche: "Although it has been said that `imitation is the sincerest form of flattery,' it is equally true, especially in the context of trademark litigation, that `flattery will often get you nowhere.' <u>Bausch & Lomb Inc. v. Nevitt Sales Corp.</u>, 810 F. Supp. 466, 468 (W.D.N.Y. 1993).... In the context of trademark litigation, `grounds for irreparably harm include loss of control of reputation, loss of trade, and loss of goodwill,' regardless of whether the infringer is putting the mark to a good or favorable use."

Eagle One is similarly attempting to capitalize on and profit from Porsche's good will and reputation by using Porsche's world famous trade dress. Like Liquid Glass, Eagle One's exploitation of Porsche's world famous trade dress is infringing and diluting Porsche's rights. Such infringement and dilution of Porsche's trademarks and trade dress must cease immediately.

Porsche sincerely hopes that Eagle One understands the importance of trademarks in advertising, and that Eagle One will agree through the agreement set forth below to cease and desist immediately from using the Porsche trademarks and trade dress, and pay Porsche reasonable

(gp)

damages for Eagle One's infringement and dilution. If Eagle One will not agree to cease and desist immediately and pay Porsche reasonable damages, Porsche will seek both a preliminary and permanent injunction against Eagle One, and seek Porsche's damages, treble damages, punitive damages, and Porsche's attorney's fees. Please be advised that unless Eagle One agrees below to cease and desist from its infringement, dilution, and false advertising, and pay damages, Porsche will immediately initiate litigation against Eagle One.

In order that Porsche may assess what damages it has suffered as a result of Eagle One's sale of products using the Porsche trademarks and trade dress, please provide the following information no later than March 19, 1999:

1) The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

2) The gross revenue received from the sale of such products set forth by product or item;

3) The time period during which such products have been offered and sold; and

4) The names and addresses of all non-retail purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

Porsche further demands that Eagle One turn over to Porsche for destruction all advertisements, packaging, labels, products, and photographs using the Porsche automobiles, the Porsche trademarks, or the Porsche trade dress no later than March 19, 1999.

Porsche notes that Eagle One has, after the fact, requested authorization from Porsche AG to use Porsche's trademarks and trade dress. This request was denied because Porsche markets and sells its own car care products that compete directly with Eagle One's products. Thus, by making this request, Eagle One has acknowledged Porsche's significant trademark rights. Eagle One's acknowledgment of Porsche's rights and its knowing violation of Porsche's rights, among other things, make this an exceptional case under the trademark laws allowing Porsche to recover treble damages and attorneys' fees against Eagle One.

By no later than March 19, 1999, please have the appropriate officer at Eagle One sign and return a copy of this letter indicating Eagle One's agreement to cease and desist its infringement and

( gp )

dilution of Porsche's trademarks and trade dress, and its false advertisements, and to pay Porsche reasonable damages. Failure to sign and return this letter will be viewed as a willful violation of the trademark laws, and will constitute grounds for seeking all available damages, including punitive damages and attorneys' fees.

Eagle One may be otherwise infringing or diluting Porsche's trademarks or trade dress in ways other than those set forth above. The list set forth above is not intended to be comprehensive, and Porsche reserves the right to bring to your attention other matters that Porsche believes infringe or dilute its trademarks and trade dress, or constitute false advertisement.

This letter is without prejudice to all rights of Porsche, including past or future royalties, past or future damages, attorneys' fees, and to bring enforcement actions for all past or future infringement, dilution, unauthorized uses, or false advertisement.

Should you have any questions concerning Porsche's position in this matter, please do not hesitate to contact me.

Very truly yours,

Gregory D. Phillips

GDP
cc:    Patricia R. Britton, Esq.

## AGREEMENT

By execution of this Agreement, the undersigned agrees immediately to cease and desist from all unauthorized uses of the Porsche trademarks and trade dress, and false advertisement in its products, services, advertisements, promotional literature, promotional telecasts, broadcasts, signage, on the Internet, or otherwise, in connection with the sale of any product, part, good, or service.

Specifically, by way of illustration and without limiting the general agreement expressed above, the undersigned agrees that it will

(1)    immediately cease using Porsche automobiles, the Porsche trademarks, or the Porsche trade dress in any manner;

( gp)

(2)     immediately turn over to Porsche for destruction all advertisements, packaging, labels, products, and photographs using the Porsche automobiles, the Porsche trademarks, or the Porsche trade dress.

(3)     provide the following information no later than March 19, 1999:

    a)     The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

    b)     The gross revenue received from the sale of such products set forth by product or item;

    c)     The time period during which such products been offered or sold; and

    d)     The names and addresses of all non-retailer purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

(4)     no later than March 19, 1999, pay Porsche by cashier's check a royalty in the amount of twenty five percent (25%) of the gross revenues from the sales of any products using the Porsche trademarks or trade dress sold in the last three years.[1]

The undersigned further agrees and acknowledges that any violation or breach of this Agreement will cause irreparable harm to Porsche, and that Porsche will be entitled to both a preliminary and permanent injunction against the undersigned for any violation of this Agreement, as well as any other remedy allowed by law. The undersigned further agrees that if it breaches this Agreement, it will pay all costs incurred by Porsche in enforcing this Agreement, including reasonable attorneys' fees, whether incurred with or without suit or before or after judgment.

In the event that the undersigned has any questions concerning names, advertisements, signage, or other issues relating to trademark issues, they should contact the General Counsel of Porsche Cars North America, Inc. at 980 Hammond Drive, Suite 1000, Atlanta, Georgia 30328.

---

[1]In the event that Porsche is forced to litigate this matter, Porsche will seek all of your profits from the sale of such products trebled as damages, punitive damages, and Porsche's attorneys' fees.

( gp)

Eagle One
March 12, 1999
Page 6


**AGREED TO:**
**EAGLE ONE:**


**By:** _____

**Its:** _____

**Date:** _____

RICHARD A. BARDIN
GILBERT G. KOVELMAN
VERN SCHOOLEY
JAMES W. PAUL
JOHN S. NAGY
CRAIG B. BAILEY
STEPHEN J. STRAUSS
THOMAS H. MAJCHER
THOMAS A. RUNK
MICHAEL S. ELKIND
GARY M. ANDERSON
RONALD E. PEREZ
DAVID G. PARKHURST
GUNTHER O. HANKE
ROBERT L. KOVELMAN
PAMELA G. MAHER
JOHN V. HANLEY
JOHN K. FITZGERALD
JAMES JUO
RUSSELL C. PANGBORN
RICHARD B. CATES
PAUL Y. FENG
JO ANNE M. YBABEN
MURIEL C. HARITCHABALET
DAVID J. PITMAN
SUSAN L. POLLYEA
ROBERT POPA
DAVID S. SARISKY
MICHAEL S. DOLL
PAUL D. O'BRIEN
BRYCE D. OCARY
MICHAEL B. AYERS
DAVID B. SANDELANDS



PATENT, TRADEMARK
COPYRIGHT AND
TECHNOLOGY MATTERS

INTERNET:
fulwider@fulpat.com

LOS ANGELES OFFICE
CENTER WEST
10877 WILSHIRE BLVD
TENTH FLOOR
LOS ANGELES, CA 90024
fulwider@fulpat.com
(310) 824-5555
FAX (310) 824-9696

OF COUNSEL
LONG BEACH OFFICE
FRANCIS A. UTECHT

OF COUNSEL
LOS ANGELES OFFICE
I. MORLEY DRUCKER
HOWARD N. SOMMERS
ELLSWORTH R. ROSTON

ROBERT W. FULWIDER
(1903-1979)
WARREN L. PATTON
(1912-1989)
JOHN M. LEE
(1921-1978)

Writer's email address
rpangbon@fulpat.com

# FULWIDER PATTON LEE & UTECHT, LLP

ATTORNEYS AT LAW

200 OCEANGATE

SUITE 1550

P. O. BOX 22615

LONG BEACH, CALIFORNIA 90801-5615

(562) 432-0453

FAX: (562) 435-6014

March 16, 1999

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
560 East 200 South, Suite 230
Salt Lake City, Utah 84102

VIA FACSIMILE 801 366-7706
CONFIRMATION BY U.S. MAIL

Re:   Allegations of Infringement by Porsche
       Against Eagle One Industries
       Our Docket No. EAGLE.50227

Dear Mr. Phillips:

Our firm represents Eagle One Industries (a wholly owned subsidiary of The Valvoline Company and Ashland, Inc.) in its trademark and other intellectual property related matters. Valvoline has forwarded your letter dated March 12, 1999 (received in our offices on March 16, 1999) concerning the allegations of your clients Dr. Ing. H.c.f. Porsche AG and Porsche Cars of North America (collectively "Porsche").

We are currently looking into the allegations you raised and will respond promptly upon completion of our investigation. However, please understand that our client would not intentionally infringe the intellectual property rights of another.

Please direct any future correspondence involving this matter to the undersigned. In the meantime, should you or your client have any questions or additional concerns, please do not hesitate to contact me.

Sincerely,

FULWIDER PATTON LEE & UTECHT, LLP

Russell C. Pangborn

RCP:ms
cc:    John Biehl, Esq.
        The Valvoline Company

Exhibit K
60

Porsche - Eagle one
(cont)

RICHARD A. BARDIN
GILBERT G. KOVELMAN
VERN SCHOOLEY
JAMES W. PAUL
JOHN S. NAGY
CRAIG B. BAILEY
STEPHEN J. STRAUSS
THOMAS H. MAJCHER
THOMAS A. RUNK
MICHAEL S. ELKIND
GARY M. ANDERSON
RONALD E. PEREZ
DAVID G. PARKHURST
GUNTHER O. HANKE
ROBERT L. KOVELMAN
PAMELA G. MAHER
JOHN V. HANLEY
JOHN K. FITZGERALD
JAMES JUO
RUSSELL C. PANGBORN
RICHARD B. CATES
PAUL Y. FENG
JO ANNE M. YBABEN
MURIEL C. HARITCHABALET
DAVID J. PITMAN
SUSAN L. POLLYEA
ROBERT POPA
DAVID S. SARISKY
MICHAEL S. DOLL
PAUL D. O'BRIEN
BRYCE D. OEARY
MICHAEL B. AYERS
DAVID B. SANDELANDS

## FULWIDER PATTON LEE & UTECHT, LLP

ATTORNEYS AT LAW

200 OCEANGATE

SUITE 1550

P.O. BOX 22615

LONG BEACH, CALIFORNIA 90801-5615

(562) 432-0453

FAX: (562) 435-6014

April 8, 1999

PATENT, TRADEMARK,
COPYRIGHT AND
TECHNOLOGY MATTERS

INTERNET:
fulwiderlb@fulpat.com

LOS ANGELES OFFICE
CENTER WEST
10877 WILSHIRE BLVD.
TENTH FLOOR
LOS ANGELES, CA 90024
fulwider@fulpat.com
(310) 824-5555
FAX (310) 824-9696

OF COUNSEL
LONG BEACH OFFICE
FRANCIS A. UTECHT

OF COUNSEL
LOS ANGELES OFFICE
I. MORLEY DRUCKER
HOWARD N. SOMMERS
ELLSWORTH R. ROSTON

ROBERT W. FULWIDER
(1903-1979)
WARREN L. PATTON
(1912-1985)
JOHN M. LEE
(1921-1978)

Writer's E-mail
rpangborn@fulpat.com

Gregory D. Phillips, Esq.
Howard, Phillips & Andersen
560 East 200 South, Suite 230
Salt Lake City, Utah 84102

<u>LETTER ONLY VIA FACSIMILE: 801-366-7706</u>
<u>ORIGINAL WITH ENCLOSURES</u>
<u>VIA FIRST CLASS MAIL</u>

      Re:    Allegations of Infringement by Porsche
            Against Eagle One Industries
            <u>Our Docket No. EAGLE.50227</u>

Dear Mr. Phillips:

      We have now had a chance to review the allegations you raised in your letter dated March 12, 1999, as well as review the case law referenced therein. While Eagle One Industries ("Eagle One") respects the rights of Porsche and its concerns as to improper use of its valuable trademarks, Eagle One respectfully disagrees with the allegations raised in your noted letter. Please note, however, that Eagle One wishes to reach a mutually agreeable resolution in this matter.

      There has been some apparent lack of communication among people at Porsche Cars North America, Porsche A.G., and Dr. Ing (hereinafter collectively "Porsche"). By way of background, our client advises us that in mid-1994, prior to Eagle One's commencement of use of the depiction of a Porsche automobile on its EAGLE ONE WET® car care products, Eagle One Industries' then President, Bernard A. Li, contacted Joel Ewoniak, understood to be Vice President of Marketing for Porsche Cars North America, by correspondence to notify him of Eagle One's intended use of the Porsche depiction on Eagle One car care products. Mr. Li also enclosed samples of the proposed EAGLE ONE WET® "Wet-Look Car Polish" for Mr. Ewoniak's personal review and use. No subsequent objections were raised by Mr. Ewoniak or anyone else at Porsche . . . until now.

19603

Exhibit L

In reliance on Porsche's tacit acknowledgment, if not implied permission, later in 1994 Eagle One introduced its line of EAGLE ONE WET® car care products bearing an off-centered, front angle photograph of Mr. Li's personal Porsche automobile. A computer scanned color image of the EAGLE ONE WET® product (front and back panels) is enclosed for your reference. (You will note from the back label that the copyright notice identifies the year of creation as 1994). Versions of this label and similar packaging have been used continuously bearing the noted Porsche depiction since that time, without objection by Porsche. In fact, it is believed that numerous authorized Porsche dealerships have for years prominently displayed EAGLE ONE WET® car care products. From what we are told, officers of Porsche visit the various authorized dealerships from time to time, yet our client is not aware of any objections to the EAGLE ONE WET® displays either raised to the dealership owners or to Eagle One.

In your noted correspondence of March 12, strong language of infringement and dilution is used, with extensive reference made to the trademark rights of Porsche in its various model names and numbers. Please note that nowhere in its packaging or promotional materials does Eagle One legibly portray any federally registered trademark of Porsche, or its model numbers. Rather, the only use at issue is the incorporation of an askew, front left angle photograph of single red Porsche automobile that happens to be owned by Eagle One's former President, Mr. Li. Eagle One notified Porsche of the intended use of the Porsche depiction and sought comment from Porsche concerning the same. No response was forthcoming.

You also referenced several published cases in which Porsche successfully defended its trademark rights against third parties, however, none reflect facts similar to the situation at hand. Porsche Cars North America v. Manny's Porshop, 972 F.Supp. 1128 (N.D. Ill. 1997) involved a defendant who misrepresented to Porsche that it had discontinued use of an allegedly infringing service mark and trade name, PORSHOP, but was later discovered to have resumed use. This defendant was in the business of servicing Porsche 911 automobiles. In Dr. Ing h.c.F. Porsche AG v. Universal Brass, Inc., 34 USPQ2d 1593 (W.D. Wa. 1995), the defendant improperly copied Porsche's federally registered trademarks on novelty automobile accessories such as key chains, paper weights, license plate holders and the like. Again, the relevant defendant represented to Porsche that it had discontinued use of the alleged infringing activities only to resume the offending activities at a later date.

Neither of these cases remotely reflect the activities at issue in this instance. Eagle One, as a holder of numerous federally registered trademarks, appreciates the value and importance of a company's intellectual property rights. Eagle One is not incorporating the Porsche name into it's company name, nor is it attempting to sell Porsche related novelty item. Rather Eagle One

19603

Exhibit L
62

utilizes its own prominently displayed federally registered EAGLE ONE® and EAGLE ONE WET® trademarks on its subject products. For your reference, we enclose copies of Eagle One's U.S. Registration Nos. 1,130,649, 1,262,118, 1,466,117, 1,467,894, 1,630,554, 1,634,615, 1,638,087, 1,638,817, 1,649,449, 1,670,945, 1,724,919, 1,951,966, 1,957,582 and 1,981,471 pertaining to these marks.

With regard to <u>Liquid Glass Enterprises v. Dr. Ing. h.c.F. Porsche AG</u>, 8 F.Supp.2d 398 (D.N.J. 1998), on its face the facts sound similar, but a closer look again results in clear distinctions. First, it should be noted that this published opinion was merely a ruling on a preliminary injunction motion and was not the result of a trial on the merits. Regardless, the defendant in <u>Liquid Glass</u> not only used a depiction of a Porsche automobile in its print advertisements and a promotional video, but it "prominently displayed" the federally registered PORSCHE trademark, and utilized "a provocatively-dressed women applying Liquid Glass car polish to a Porsche 911". <u>Id</u>. at 399. Furthermore, the video opens with the federally registered "Porsche Crest" also plainly visible, followed by "a woman who is undressing and taking a shower". <u>Id</u>. at 400. For approximately 6 years Porsche continually demanded that Liquid Glass discontinue use of a Porsche 911 in its advertisements. Liquid Glass failed to comply with its repeated demands resulting in the preliminary injunction granted by the U.S. District Court for the District of New Jersey.

Eagle One's use of the off-centered, front angle photograph of Mr. Li's automobile on the product packaging is clearly different from the usage of Liquid Glass. Eagle One does not prominently display any federally registered trademarks of Porsche, nor does it utilize provocatively dressed women on its noted EAGLE ONE WET® product labels or packaging. To the extent your client claims that the trademark or trade dress rights of the Porsche 911 product configuration are being misappropriated by Eagle One, you failed to identify what aspects of the Porsche 911 comprise Porsche's relevant rights, nor do you present any evidence that Porsche owns federal trademark registrations on any aspect of the subject automobile's shape, color or model numbers. In our opinion, your client would be hard pressed to succeed on a claim that the askew view of a Porsche from the off-centered front angle shown on the product packaging is the protectable trademark of your client. Regardless, in view of Porsche's silence in reply to our client's notification of its intentions to use the subject depiction, Porsche could well be estopped from now claiming infringement. At the very least, a strong argument for a laches defense is available to Eagle One due to Porsche's unreasonable delay in raising objections.

Furthermore, despite more than four years of use of the noted depiction of Mr. Li's automobile, no instances of actual confusion have arisen, nor has any confusion as to source, sponsorship, affiliation been experienced by Eagle One. I also note that you have not provided any evidence of actual confusion experienced by your client.

Exhibit L
63

As previously indicated, our client wishes to seek a mutually agreeable resolution to this matter. Ideally, Eagle One would like to obtain the consent of your client to continue use of the noted depiction of Mr. Li's automobile on its product packaging. It would, of course, be willing to add an appropriately worded notice recognizing the trademark and trade dress rights of Porsche on its labeling. However, should Porsche adamantly continue its objections to Eagle One's noted use, our client is willing to discontinue use of the noted depiction so long as Porsche permits Eagle One a reasonable period of time to deplete its inventory of product bearing this depiction and is released from any related claims. Eagle One has a rather extensive inventory of packaging and labeling bearing the noted depiction. As such, a one year phase-out period would be required to permit Eagle One adequate time to deplete its inventory and simultaneously conduct the necessary market analysis to determine appropriate replacement labeling.

As a good faith gesture of Eagle One's willingness to cooperate with Porsche in this matter, we enclose a downloaded color copy of the "**eagleone.com**" website evidencing that the use of the Porsche automobile portrayed therein has been removed. Please note that Eagle One only launched its noted web site in March of this year. As such, any use of a Porsche depiction in its web site was short-lived.

We look forward to your client's cooperation in this regard. Should you or your client have any questions in this regard, please feel free to contact me.

Sincerely,

FULWIDER PATTON LEE & UTECHT, LLP

Russell C. Pangborn

RCP:jcp
Enclosures


cc:     John Biehl, Esq.
        The Valvoline Company

19603

Exhibit L
64

LAW OFFICES
# HOWARD, PHILLIPS & ANDERSEN
*A PROFESSIONAL CORPORATION*

GREGORY D. PHILLIPS
Direct Dial: (801) 366-7707
E-Mail: GDP@HPALAW.COM

560 East 200 South, Suite 230
Salt Lake City, UT 84102

April 12, 1999

Telephone: (801) 366-7471
Facsimile: (801) 366-7706

**VIA FACSIMILE (No. 562-432-0453)**
**AND REGULAR MAIL**

Russell C. Pangborn, Esq.
Fulwider Patton Lee & Utecht, LLP
200 Oceangate, Suite 1550
P.O. Box 22615
Long Beach, CA 90801-5615

Re: Infringement and Dilution of Porsche Trademarks, Service Marks, and Trade Dress

Dear Mr. Pangborn:

Porsche and I have carefully reviewed your letter of April 8, 1999. We have contacted Mr. Ewoniak who informs us that at no time did he authorize Eagle One to use Porsche's trademarks and trade dress on any packaging. We also have contacted Scott Clark, Esq., former General Counsel of Porsche Cars North America, who would have given such authorization, and he cannot ever recall of hearing of Eagle One. He definitely recalls that he did not give any such authorization. Please forward to me immediately any documents whereby Eagle One contends that Porsche authorized Eagle One to use Porsche's trademarks and trade dress. I note that your letter of April 8, 1999 references no such documents and references no documents whereby Eagle One even asked for authorization to use such trademarks or trade dress. Porsche has reviewed its files and has discovered no such documentation relating in any way to Eagle One. Moreover, any claim that Porsche would agree to such use or not object to such use makes no sense given that Porsche sells its own brand of car-care products. Why would Porsche allow its trade dress to be used to promote a competing product?

As stated in my e-mail of April 8, 1999, the first time that Porsche was aware that Eagle One was using Porsche's trademarks and trade dress was when it received Mr. Dillon's February 9, 1999 letter. Moreover, the February 9, 1999 letter is an admission by Eagle One that Porsche's authorization is necessary in order for Eagle One to use Porsche's trade dress. Your argument that Porsche was aware of Eagle One's use of the trademark because Porsche dealerships may have sold the product is also unavailing. Porsche dealerships have no authority to grant any authorization to use Porsche trademarks and trade dress. Moreover, the fact that these dealerships may have been visited by Porsche dealer representatives in no way can be construed that Porsche authorized Eagle One to use the trade dress. I assume that Eagle One will also argue that Porsche authorized Eagle

Russell C. Pangborn, Esq.
April 12, 1999
Page 2

One to use the trade dress on its web site on the Internet because Porsche never objected to such use and must have known that Eagle One was making such use. Moreover, rest assured that Porsche would have immediately objected to any use of its trade dress on a product that competes with Porsche's own car-care products. Porsche simply had no knowledge of such use until Mr. Dillon's letter.

Your argument that the Porsche automobile depicted on the packaging was owned by Mr. Li is irrelevant. The same argument was made to and rejected by the Court in Liquid Glass at p. 402 ("Liquid Glass asserts a fair use defense, arguing that the President of Liquid Glass has a right to use his privately owned Porsche to advertise his company's car polish. Liquid Glass is wrong.").

Your argument that the packaging does not depict a Porsche trademark also is irrelevant. As you well know, trade dress is the equivalent of a trademark and use of trade dress constitutes trademark dilution and infringement just as use of a trademark does. The law is well settled that "'trade dress' in the more modern sense [may] refer to the appearance of the [product] itself." American Greetings Corp. v. Dan-Dee Imports, Inc., 807 F.2d 1136, 1140 (3d Cir. 1986). Accord Pebble Beach Co. v. Tour 18 I, Ltd., 942 F.Supp. 1513, 1554-55 (S.D. Tex. 1996) ("the design or appearance of a product itself may function as its packaging or trade dress and enjoy protection under the Lanham Act")(citing Duraco Products Inc. v. Joy Plastic Enterprises, Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994). "Attempts to incorporate protection for a product's overall design or appearance into Sec. 43(a) have come under a variety of guises." American Greetings, 807 F.2d at fn. 2. Thus, courts have protected the unregistered trade dress of the uniform of the Dallas Cowboys cheerleaders, Dallas Cowboys Cheerleaders v. Pussycat Cinema, 604 F.2d 200, 204 (2d Cir. 1979), the design and appearance of the Harbour Town lighthouse, Pebble Beach, 942 F.Supp. at 1555-59, the Cat in the Hat's stove-pipe hat, Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1396 (9th Cir. 1997), and the "trade dress" of the University of Georgia Bulldog. University of Georgia Athletic Ass'n v. Laite, 756 F.2d 1535, 1541 (11th Cir. 1985).

Indeed the Southern District of New York recently held that "'Trade dress' is a form of mark protectable under Sec. 43(a)(1). The 'trade dress' of a product is essentially its total image and overall appearance." Philip Morris Inc. v. Star Tobacco Corp., 879 F.Supp. 379, 383 (S.D.N.Y. 1995). The court further noted that "Trade dress, like a trademark, 'is a merchandising shortcut which induces a purchaser to select what he has been led to believe he wants.' To that end, the trademark and (trade dress owner) makes 'every effort to impregnate the atmosphere of the market with the drawing power of a congenial symbol.' If he succeeds, the trademark or trade dress owner

(gp)

'has something of value'; and if 'another poaches upon the commercial magnetism of the symbol he has created, the owner can obtain legal redress.'" 879 F.Supp. at 384.

Your reference to the Manny's Porshop and Universal Brass misconstrues the purpose for which these cases were cited. The only reason those cases were cited was to demonstrate that Porsche takes policing of its trademarks seriously and will litigate the issue when Porsche becomes aware of infringers and diluters.

Your attempt to distinguish the Liquid Glass decision is also unavailing. As with the above-referenced cases relating to trade dress, Liquid Glass makes clear that Porsche has protectable rights in the distinctive shapes of its world famous automobiles. Use of such trade dress subjects one to liability under the Lanham Act. I note that you cite no authority to the contrary.

Your claim of actual confusion is also disingenuous particularly with Porsche's dilution claim. As you well know, a claim of trade dress dilution requires no such evidence. As Judge Barry made clear in the Liquid Glass decision, "consumer confusion is irrelevant in establishing a dilution claim. *See* 15 U.S.C. § 1127." Liquid Glass at fn. 5. As Judge Barry further made clear, "Eagle One's unauthorized use of the Porsche marks inhibits Porsche's ability to control which products its reputation and good will are being used to promote or endorse. This lack of control and potential damage to Porsche's reputation constitutes irreparable injury because monetary damages cannot adequately compensate for harm to good will or reputation." 8 F.Supp.2d at 406.

Undoubtedly, Eagle One used and uses the Porsche trade dress is in order "to usurp Porsche's reputation and strength and persuade consumers that [Eagle One] produces high quality products. Stated somewhat differently, [Eagle One] wanted to cash in on the good will that Porsche has worked hard to create and maintain by aligning itself with Porsche." 8 F.Supp. at 402.

With respect to Eagle One's use of the Porsche trade dress on its web site, Porsche appreciates that the Porsche automobile has been removed. Porsche views such use, however, as further evidence that Eagle One engages in unauthorized infringement and dilution without obtaining appropriate licenses, and an admission that the use of a Porsche automobile constitutes trade dress infringement and dilution.

Throughout your letter you repeatedly state that Eagle One is willing to resolve this matter amicably. You also request a sell down period. In order to resolve this matter amicably, Eagle One will need to agree immediately to pay Porsche a reasonable royalty (25%) on all past sales and on

( gp)

all sales during the sell down period. Porsche believes that a sell down period of one year is much too long and that a sell down period of six months or shorter is appropriate assuming that reasonable damages have been paid.

In order to resolve this matter along the lines set forth above, Porsche will need sworn and verified statements demonstrating the amount of product that has been sold, the revenues generated from such sales, and the amount of product that remains in inventory. Please provide that information as soon as possible. Porsche previously requested that Eagle One provide the following information:

1)    The number of products (set forth by product or item) sold or distributed bearing the Porsche trademarks or trade dress;

2)    The gross revenue received from the sale of such products set forth by product or item;

3)    The time period during which such products have been offered and sold; and

4)    The names and addresses of all non-retail purchasers of the products and the number of each product listed by product or item purchased by each such purchaser.

To this itemized list, please add the amount of product in inventory for which Eagle One is requesting a sell down.

Porsche would like to have an agreement resolving this matter entered into by this Friday, April 16, 1999. Please let me know as soon as possible whether Eagle One is willing to resolve this matter as outlined above and by agreeing not to use the Porsche trademarks and trade dress in the future, and I will begin preparation of Porsche's standard settlement agreement. Otherwise, Porsche will have no choice but to initiate litigation immediately, and seek a preliminary and permanent injunction, and damages.

Eagle One may be otherwise infringing or diluting Porsche's trademarks or trade dress in ways other than those set forth above. The list set forth above is not intended to be comprehensive, and Porsche reserves the right to bring to your attention other matters that Porsche believes infringe or dilute its trademarks and trade dress, or constitute false advertisement.

( gp)

This letter is without prejudice to all rights of Porsche, including past or future royalties, past or future damages, attorneys' fees, and to bring enforcement actions for all past or future infringement, dilution, unauthorized uses, or false advertisement.

Should you have any questions concerning Porsche's position in this matter, please do not hesitate to contact me.

Very truly yours,

Gregory D. Phillips

GDP
cc:    Patricia R. Britton, Esq.

( gp)

LAW OFFICES

# HOWARD, PHILLIPS & ANDERSEN

A PROFESSIONAL CORPORATION

SUITE 230

560 E. 200 S.

SALT LAKE CITY, UTAH 84102

Telephone: (801) 366-7471

Facsimile: (801) 366-7706

## FACSIMILE TRANSMITTAL COVER SHEET

**Date: April 12, 1999**

**From: Gregory D. Phillips**

**Total Pages:** 6 (including this page)

**Hard Copy to Follow: No**

**Facsimile No. :** 562-~~432-0453~~ 435-6014

**To: Russell C. Pangborn, Esq.**

**Re:** Porsche v. Eagle One - Infringement and Dilution of Porsche Trademarks and Trade Dress

**Message:**

CONFIDENTIALITY NOTE

The information contained in this facsimile is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. Thank you.