USDC SCAN INDEX SHEET










LLS   5/13/99   9:53
3:99-CV-00788   EGL 1 INC V. PORSCHE CARS NORTH
*16*
*ANSCNTCLM.*

ORIGINAL

Vern Schooley, State Bar No. 40,301
Russell Pangborn, State Bar No. 174,696
Fulwider, Patton, Lee & Utecht, LLP
200 Oceangate, Suite 1550
Long Beach, California 90802
(562) 432-0453

Daniel G. Lamb, Jr.
Brobeck, Phleger & Harrison
550 West C Street, Suite 1300
San Diego, California 92101
(619) 234-1966

Attorneys for Plaintiff
Egl 1, Inc., d.b.a. Eagle One Industries

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EGL 1, INC., D.B.A. EAGLE ONE INDUSTRIES, a California corporation,

    Plaintiff,

v.

PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING, h.c.F. PORSCHE AG, a German corporation

    Defendants.

PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING, h.c.F. PORSCHE AG, a German corporation

    Counter Plaintiffs,

v.

EGL 1, INC., D.B.A. EAGLE ONE INDUSTRIES, a California corporation,

    Counter Defendant.

CASE NO. 99 CV 0788 JM (LSP)

EAGLE ONE'S VERIFIED REPLY TO PORSCHE'S VERIFIED COUNTERCLAIMS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    Plaintiff and Counter-Defendant Egl 1, Inc., d.b.a. Eagle One Industries ("Eagle One") replies to the allegations in the Verified Counterclaim for Trademark Dilution and Infringement filed by

20585

Defendants and Counter-Plaintiffs Porsche Cars North America, Inc. ("Porsche NA") and Dr. Ing. h.c.F. Porsche AG ("Porsche AG") (collectively referred to as "Porsche") as follows:

## SUBSTANCE OF THE ACTION

1. In reply to paragraph 1, Eagle One admits that it uses a depiction of a customized Porsche automobile on certain of its automobile care products, however, Eagle One denies each and every other allegation therein.

2. In reply to paragraph 2, Eagle One has insufficient information on which to base an reply and therefore denies each and every allegation therein.

## THE PARTIES

3. In reply to paragraph 3 and 4, Eagle One has insufficient information on which to base an reply and therefore denies each and every allegation therein.

4. In reply to paragraph 5, Eagle One admits the allegations therein.

## JURISDICTION AND VENUE

5. In reply to paragraph 6, in its Complaint Eagle One has already admitted that this Court has subject matter jurisdiction and venue over this action pursuant to 28 U.S.C. §§2201 and 2202, Title 15 of the U.S. Code, and 28 U.S.C. § 1391(b). Eagle One further admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(b) and, 1367.

6. In reply to paragraph 7, Eagle One admits the allegations therein.

## GENERAL ALLEGATIONS

7. In reply to paragraphs 8-14, Eagle One has insufficient information on which to base an reply and therefore denies each and every allegation therein.

8. In reply to paragraph 15, Eagle One denies each and every allegation therein.

///
///

20585

2

1   9.  In reply to paragraph 16, Eagle One admits that it "is not in any way affiliated with, authorized, or sponsored by Porsche". However, Eagle One denies each and every remaining allegation therein.

10. In reply to paragraph 17, Eagle One admits using the depiction of a customized Porsche automobile on certain of its advertisements. However, Eagle One denies each and every remaining allegation therein.

11. In reply to paragraph 18, Eagle One denies each and every allegation therein.

12. In reply to paragraph 19, Eagle One admits the allegations therein.

13. In reply to paragraph 20, Eagle One denies each and every allegation therein.

14. In reply to paragraph 21, Eagle One admits that Porsche AG forwarded a letter which, in part, provided the noted content, however, Eagle One denies each and every remaining allegation therein.

15. In reply to paragraph 22, Eagle One admits that it had not responded prior to receipt of Porsche's subsequent letter dated March 12, 1999.

16. In reply to paragraph 23, Eagle One denies each and every allegation therein.

17. In reply to paragraphs 24-26, Eagle One admits the allegations therein.

18. In reply to paragraph 27, Eagle One admits that counsel for Porsche forwarded a letter which, in part, provided the noted content. However, Eagle One has insufficient information on which to base an reply as pertaining to additional representations therein and therefore denies each and every remaining allegation.

19. In reply to paragraph 28, Eagle One admits that it filed the instant declaratory judgment lawsuit on April 16, 1999 and that it did not serve Porsche with process until on or about April 23, 1999. Eagle One denies each and every remaining allegation therein.

20. In reply to paragraph 29, Eagle One denies each and every allegation therein.

21. In reply to paragraph 30, Eagle One has insufficient information on which to base an reply and therefore denies each and every allegation therein.

22. In reply to paragraph 31, Eagle One admits that it is neither a licensee nor a franchisee of Porsche AG. Eagle One denies each and every remaining allegation therein.

20585

3

23. In reply to paragraph 32, Eagle One denies each and every allegation therein.

### FIRST CLAIM FOR RELIEF

(TRADEMARK AND TRADE DRESS DILUTION UNDER 15 U.S.C. § 1125(c))

24. In reply to paragraphs 33-42, Eagle One denies each and every allegation therein.

### SECOND CLAIM FOR RELIEF

(FEDERAL TRADEMARK INFRINGEMENT AND

COUNTERFEITING UNDER 15 U.S.C. § 1114)

25. In reply to paragraphs 43-49, Eagle One denies each and every allegation therein.

### THIRD CLAIM FOR RELIEF

(FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP,

FALSE ADVERTISING, AND TRADE DRESS INFRINGEMENT

UNDER 15 U.S.C. § 1125(a))

26. In reply to paragraphs 50-56, Eagle One denies each and every allegation therein.

### FOURTH CLAIM FOR RELIEF

(COMMON LAW TRADEMARK INFRINGEMENT)

27. In reply to paragraphs 57-64, Eagle One denies each and every allegation therein.

### EAGLE ONE'S FIFTH CLAIM (OR AFFIRMATIVE DEFENSE)

(NO INFRINGEMENT OR COUNTERFEITING UNDER 15 U.S.C. § 1114)

28. Eagle One's Complaint for Declaratory Judgment is incorporated by reference herein as if repeated in full.

///
///
///

29. Porsche contends that Eagle One uses Porsche's vague and ambiguous "Porsche Marks", and uses "counterfeits, copies, reproductions or colorable imitations thereof in connection with the advertisement, promotion, and sale of Eagle One's products and services". (*See*, Porsche Verified Complaint at p. 12, ¶ 44).

30. Eagle One alleges that its usage of a Porsche automobile on its product packaging and/or advertisements is not an infringing or counterfeit use of any Porsche trademark rights, if any, in the subject depiction, under 15 U.S.C. §1114.

31. Wherefore, entry of a declaratory judgment is sought declaring that Eagle One does not infringe any trademark rights of Porsche NA or Porsche AG.

## ADDITIONAL PRAYER FOR RELIEF

WHEREFORE, Eagle One prays that judgment be entered by this Court in its favor and against the Defendants and Counter-Plaintiffs Porsche AG and Porsche NA, providing the following relief:

A. Prayers for Relief A-G in Eagle One's Complaint for Declaratory Judgment are incorporated by reference herein as if repeated in full.

B. The entry of judgment that Eagle One is not infringing or counterfeiting (in violation of 15 U.S.C. § 1114) any purported trademark rights that Porsche may have in the relevant Porsche automobile depicted on Eagle One's subject labels, packaging and promotional materials;

C. That Eagle One be awarded its reasonable attorneys fees, costs, and other relief as the Court deems just and proper.

Dated: May 12, 1999    FULWIDER PATTON LEE & UTECHT, LLP

By: _____
Vern Schooley, Esq.
Russell Pangborn, Esq.
Attorneys for Plaintiff and Counter-Defendant
Egl 1, Inc. d.b.a. Eagle One Industries

20585

5

## VERIFICATION

STATE OF KENTUCKY            )
                             ) ss.
COUNTY OF FAYETTE            )

Larry L. Detjen, under penalty of perjury, states: That he is President of Egl 1, Inc., d.b.a. Eagle One Industries; that he has read and is familiar with the contents of the foregoing Eagle One's Verified Reply to Porsche's Verified Counterclaims; that to the best of his knowledge, information, an belief the allegations thereof are true and correct.

Executed this **12** day of May, 1999 in Lexington, Kentucky.

                                        _____
                                                LARRY L. DETJEN

20610

Vern Schooley, State Bar No. 40,301
Russell Pangborn, State Bar No. 174,696
Fulwider, Patton, Lee & Utecht, LLP
200 Oceangate, Suite 1550
Long Beach, California 90802
(562) 432-0453

Daniel G. Lamb, Jr.
Brobeck, Phleger & Harrison
550 West C Street, Suite 1300
San Diego, California 92101
(619) 234-1966

Attorneys for Plaintiff
Egl 1, Inc., d.b.a. Eagle One Industries

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGL 1, INC., D.B.A. EAGLE ONE INDUSTRIES, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING, h.c.F. PORSCHE AG, a German corporation<br><br>Defendants. | CASE NO. 99 CV 0788 JM (LSP)<br><br>PROOF OF SERVICE BY FEDERAL EXPRESS |
| PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING, h.c.F. PORSCHE AG, a German corporation<br><br>Counter Plaintiffs,<br><br>v.<br><br>EGL 1, INC., D.B.A. EAGLE ONE INDUSTRIES, a California corporation,<br><br>Counter Defendant. | |

I, Jana Pedraza, declare as follows:

I am employed with the law firm of Fulwider Patton Lee & Utecht, LLP. My business address is 200 Oceangate, Suite 1550, Long Beach, California 90802. I am over the age of 18 years

20626

and am not a party to this cause. I am readily familiar with the business of this office for collection and processing of correspondence for mail.

On May 12, 1999, I served the following documents, bearing the titles:

1. EAGLE ONE'S VERIFIED REPLY TO PORSCHE'S VERIFIED COUNTERCLAIMS

on the interested parties in this action as follows:

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Lawrence J. Kouns, Esq.
Julie A. Vogelzang, Esq.
Luce, Forward, Hamilton, & Scripps LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3391

Gregory D. Phillips, Esq.
Howard, Phillips & Anderson
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102

[ ] (BY MAIL SERVICE) I placed such envelope(s) for collection and mailing on this date following ordinary business practices.

[ ] (BY PERSONAL SERVICE) I caused such documents to be delivered by hand to the office of the addressee.

[ ] (BY FACSIMILE) By sending a copy by electronic transmission (facsimile machine) to each person/number named above.

[X] (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) By placing such documents in a separate envelope, postage prepaid, for collection and mailing to the office of the addressee to be mailed on this date following ordinary business practices.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 12, 1999 at Long Beach, California.

Jana Pedraza

20626

2