USDC SCAN INDEX SHEET



JRL   8/20/99   11:06
3:99-CV-00788   EGL 1 INC V. PORSCHE CARS NORTH
*18*
*STIPO.*

Julie A. Vogelzang, State Bar No. 174411
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3391
Telephone: (619) 236-1414
Facsimile: (619) 232-8311

Gregory D. Phillips, Utah State Bar Number 4645
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102
Telephone: 801-366-7471
Facsimile: 801-366-7706

Attorneys for PORSCHE CARS NORTH AMERICA,
INC. and PORSCHE AG

FILED

AUG 20 1999

RECEIVED
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AUG - 2 1999

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EGL 1, INC. D.B.A. EAGLE ONE ENTERPRISES, a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING h.c.F. PORSCHE AG, a German corporation, <br><br> Defendants. <br><br>—————————————————<br> PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DR. ING h.c.F. PORSCHE AG, a German corporation, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> EGL 1, INC. D.B.A. EAGLE ONE ENTERPRISES, a California corporation, <br><br> Counterclaim Defendant | Civil Action No. 99 CV 0788 JM LSP <br><br> **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |

Based on the Agreement of the parties, plaintiff and counterclaim defendant EGL 1, Inc. dba

Eagle One Industries ("Eagle One") and defendants and counterclaim plaintiffs Porsche Cars North

ENTERED ON 8-20-99

16

America, Inc. and Dr. Ing. h.c.F. Porsche AG (collectively "Porsche"), through undersigned counsel, hereby stipulate as follows:

1.     The Court shall enter an order dismissing the above-captioned action and all claims asserted therein with prejudice. Each of the parties shall bear its own attorneys fees and costs.

2.     The parties jointly move the Court to enter the below Order of Dismissal in conformity with the terms of the parties' Settlement Agreement (public copy attached hereto as Exhibit A) and this Stipulation.

Dated: July 29 , 1999.

LUCE, FORWARD, HAMILTON & SCRIPPS LLP


By: _Julie A. Vogelzang_
    Julie A. Vogelzang

Gregory D. Phillips (USBN 4645)
HOWARD, PHILLIPS & ANDERSON
560 E. 200 South, Suite 230
Salt Lake City, Utah 84102
Telephone: 801-366-7471

Attorneys for PORSCHE CARS NORTH AMERICA, INC. and PORSCHE AG

Dated: July 25 , 1999.


FULWIDER PATTON LEE & UTECHT, LLP


By _Russell C. Pangborn_
    Russell C. Pangborn

Russell C. Pangborn
Vern Schooley
FULWIDER, PATTON, LEE & UTECHT, LLP
200 Oceangate, Suite 1550
Long Beach, California 90802
Telephone: (562) 432-0453

Attorneys for EGL 1, INC. DBA EAGLE ONE INDUSTRIES

# ORDER OF DISMISSAL

Based upon the Stipulation of the parties and good cause appearing therefor, the Court orders as follows:

The above-captioned action is hereby dismissed with prejudice, and each of the parties shall bear its own attorneys' fees and costs.

DATED: 6/19/99

United States District Judge

- 3 -

<u>SETTLEMENT AND LICENSE AGREEMENT</u>
**[PUBLIC VERSION]**

THIS SETTLEMENT AND LICENSE AGREEMENT (the "Agreement") is made this 23 day of July 1999, between Dr. Ing. h.c.F. Porsche AG ("Porsche AG"), a corporation existing under the laws of the Federal Republic of Germany, and Porsche Cars North America, Inc. ("Porsche N.A."), a Delaware corporation, (sometimes collectively "Porsche"), on the one hand, and Egl 1, Inc. dba Eagle One Industries ("Eagle One"), a California corporation, on the other hand.

WHEREAS, Porsche AG is a manufacturer of fine automobiles, parts, accessories, and other items (hereinafter "Porsche Products") that bear, or are marketed under various trademarks and trade dress, both registered in the United States Patent and Trademark Office and at common law, developed by Porsche AG. Porsche's relevant federally registered trademarks include, among others, PORSCHE®, BOXSTER®, CARRERA® and the Porsche Crest®. Porsche's relevant trade dress is the distinctive automobile shape of its automobiles, including, but not limited to, the 350, 356, 911, 912, 914, 924, 928, 930, 944, 959, 968, 993, 996, and the BOXSTER®. (The noted relevant trademarks and trade dress are hereinafter collectively referred to as the "Porsche Marks");

WHEREAS, Porsche N.A. is the exclusive distributor of Porsche AG's products in North America with authority to market automotive related products and accessories under the Porsche Marks in North America subject to Porsche AG's approval;

WHEREAS, Eagle One is a manufacturer of high-end automobile appearance care products marketed under various trademarks and trade dress, both registered in the United States Patent and Trademark Office and at common law, developed by Eagle One. Eagle One utilizes depictions of a Porsche automobile on certain of its automobile wax and polish products, as well as its Internet web page;

WHEREAS, Eagle One and Porsche have asserted claims and counterclaims against each other in a lawsuit in the United States District Court for the Southern District of California captioned <u>Egl 1, Inc. v. Porsche Cars North America, Inc. et al.</u>, Civ. No. 99 CV 0788 JM (LSP) (the "Lawsuit") arising out of Eagle One's use of certain Porsche depictions on certain of its products and its Internet web page; and

WHEREAS, the parties now desire by this Agreement to resolve by settlement their claims;

NOW THEREFORE, in consideration of the premises and the mutual covenants hereinafter contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. <u>Agreement to Cease and Desist Unauthorized Uses of Porsche Marks.</u> Except as provided in the Non-Exclusive, Limited License Agreement set forth herein, Eagle One hereby agrees to cease and desist from all unauthorized uses of the Porsche Marks in its products, services, advertisements, videos, promotional literature, promotional telecasts, broadcasts, signage, on the Internet, or otherwise, in connection with the advertisement and sale of any product, good, part, or service.

Specifically, by way of illustration and without limiting the general agreement expressed above, Eagle One agrees to the following:

(a)     Except as provided in the Non-Exclusive, Limited License Agreement set forth herein, Eagle One will immediately cease and desist from using the Porsche Marks on the Internet, including without limitation, any photographs or depictions of Porsche automobiles. This does not, however, preclude Eagle One from using the word "Porsche" as a hypertext link from its website to the website of Porsche, provided the word "Porsche" is in plain script and does not use the Porsche Crest®;

(b)     Except as provided in the Non-exclusive, Limited License Agreement set forth herein, Eagle One will cease and desist from use of the Porsche Marks in its advertising, on any products, on product labels, on its packaging for products, or otherwise.

Except as provided in the Non-exclusive, Limited License Agreement set forth herein, Eagle One hereby agrees that it will not use the Porsche Marks in the future without the express written consent of Porsche.

2.     Non-Exclusive, Limited License Agreement. Porsche AG hereby grants Eagle One a non-exclusive, limited license through October 31, 1999 to deplete Eagle One's present and existing labels, packaging, or other Eagle One materials bearing the Porsche Marks and to allow advertisements that have currently been placed for publication to run. Specifically, Porsche AG licenses Eagle One as follows:

(a)     Eagle One is permitted to use and sell its present, existing inventory of packaging, labeling, products and other marketing materials bearing the Porsche Marks through October 31, 1999. Eagle One agrees that it will act in good faith and in the normal course of business and not flood its customers and/or distributors with product on or before October 31, 1999 in an effort to avoid having product labels, packaging, or other Eagle One materials bearing the Porsche Marks destroyed. In addition, Eagle One agrees that it will immediately cease the printing, production, and/or manufacture of any product labels, packaging, or other Eagle One materials bearing the Porsche Marks.

(b)     Eagle One is permitted to allow advertisements that have already been placed for publication to run. Eagle One, however, will not place any additional advertisements for publication that in any way improperly use the Porsche Marks. In order to avoid any disagreement about what advertisements have been placed for publication, Eagle One will immediately provide Porsche with detailed information regarding what advertisements have been approved for publication, in which publications, and when the advertisements are scheduled to run.

3.     Destruction or Re-labeling of Product. Eagle One agrees that on November 1, 1999, it will have discontinued use of product labels, packaging, or other materials bearing the Porsche Marks. Any remaining product labels, packaging, advertising, and other Eagle One materials bearing the Porsche Marks will be forwarded to Porsche for destruction, with the exception of finished product already bearing the subject labels, which will be re-labeled to permanently cover the subject labels. Porsche agrees that it will provide written verification, signed by an officer, to Eagle One acknowledging completion of destruction of the materials turned over to Porsche by Eagle One. It is expressly

recognized, however, that product already in the marketplace as of October 31, 1999, will be permitted to be sold in the normal course of business by Eagle One distributors.

4.    Payment of Royalty. In consideration of the limited, non-exclusive license agreement set forth herein and as payment for past uses of the Porsche Marks, as good and valuable consideration which is hereby acknowledged, Eagle One agrees to pay Porsche an agreed upon sum of money.

5.    Release of Porsche's Claims for Damages, Costs, and Attorneys' Fees. In reliance on and subject to the fulfillment by Eagle One of its obligations hereunder, Porsche AG and Porsche N.A., on behalf of themselves, their successors, and assigns, hereby agree to release and discharge Eagle One from any claims for damages, costs, or attorney's fees arising from the alleged infringement and dilution by Eagle One of the Porsche Marks up through and including the date of execution of this Agreement and the Non-exclusive, Limited License Agreement set forth herein.

6.    Release of Eagle One's Claims for Damages, Costs, and Attorneys' Fees. Eagle One, on behalf of itself, its successors, and assigns, hereby releases and discharges Porsche AG and Porsche N.A. from any claims for damages, costs, or attorney's fees arising from any claims Eagle One may have arising from the allegations, representations, and actions taken by Porsche AG, Porsche NA, their officers, employees, agents, and/or attorneys, giving rise to the Lawsuit, up through and including the date of execution of this Agreement.

7.    Dismissal. Subject to the conditions set forth herein, the parties agree to dismiss the Lawsuit by executing and filing the Stipulation and Order of Dismissal With Prejudice in the form attached hereto as Exhibit "A", which will include a public copy of this Agreement (i.e., excluding the amount paid in settlement of this matter) as an attachment thereto. The parties agree that each party will bear its own attorneys' fees and costs with respect to this matter.

8.    Further Action. The parties shall execute and deliver all documents, provide all information, and take or forbear from all such action as may be necessary or appropriate to achieve the purposes of this Agreement.

9.    Integration. This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, negotiations, or understandings pertaining hereto. No covenant, representation, warranty, or condition not expressed in this Agreement will affect or be deemed to interpret, change, or restrict the express provisions hereof. The parties further agree and stipulate that this Agreement was jointly drafted.

10.    Severability. In the event that any condition, covenant, or other provision herein contained is held to be invalid or void, the same shall be deemed severable from the remainder of this Agreement and in no way shall affect any other covenant or condition herein contained. If such condition, covenant, or other provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope or breadth permitted by law.

11.    Breach of the Agreement. The parties agree and acknowledge that any material breach of this Agreement by either party will cause irreparable harm to the other. Should either party materially breach this Agreement, the other will be entitled to seek both a preliminary and permanent injunction affecting enforcement of this Agreement, as well as any other remedy allowed by law. The parties further agree that

3

if either party is found, by a court of competent jurisdiction, to have materially breached this Agreement, the prevailing party is entitled to recovery of all costs incurred in enforcing this Agreement, including its reasonable attorneys' fees.

      12.    <u>Authority to Sign</u>. The persons executing this Agreement warrant and represent that they have the power and authority to execute this Agreement.

      13.    <u>Binding Effect</u>. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors, heirs, and assigns.

      14.    <u>Modifications</u>. This Agreement may not be amended, modified, superseded, or canceled, and none of the terms, covenants, representations, warranties, and conditions may be waived except by written instrument. In the case of waiver, the waiver must be signed by the party waiving compliance. Failure of any party at any time or times to require strict performance of any provision hereof shall not in any manner affect the right of such party at a later date to enforce the same.

      15.    <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California, with continuing jurisdiction recognized by the parties in the United States District Court, Southern District of California.

      16.    <u>Confidentiality</u>. The parties agree that they shall keep the confidential terms of this Agreement confidential, and shall not disclose the confidential terms of this Agreement, without the prior written consent of the other party, except in response to a court order, subpoena or other lawful process, in which event the responding party shall immediately notify the other party by both telephonic communication and written notice by facsimile.

      17.    <u>Advice of Counsel</u>. In executing this Agreement, the undersigned parties acknowledge that each has read the entire Agreement, has consulted with counsel and understands that the terms hereof are contractual and not a mere recital, and agrees that it is not relying upon any statement or representation made by the other side concerning any matter and is relying upon its own judgment and upon advice of counsel.

**AGREED TO:**
**PORSCHE CARS NORTH AMERICA, INC.**


By:   _Patricia R. Britton_


Its:   <u>General Counsel and Asst.</u> Secretary

4

**DR. ING. h.c.F. PORSCHE AG**

By: _____

Maria Arenz    A. Reinhardt
Officer        Member of Legal Department
Its: and General Counsel
_____

**EGL 1, INC., d.b.a. EAGLE ONE INDUSTRIES**

By: _____

Its: _____